COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-152-CV
  
  
LAWAUNA 
D. REEVE                                                             APPELLANT
  
V.
  
CITIBANK 
(SOUTH DAKOTA) N.A.                                              APPELLEE
 
  
------------
 
FROM 
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
is a restricted appeal from a default judgment in a suit to collect credit card 
debt. In three issues, appellant contends that the trial court erred in awarding 
unliquidated damages without an evidentiary hearing and that the evidence is 
legally and factually insufficient to support the awarded damages and 
postjudgment interest. We reform the trial court’s judgment to reflect damages 
of $6,626.97 based solely on account number 5410658405425370. As reformed, we 
affirm the remainder of the judgment in part. We reverse the award of 
postjudgment interest on the judgment and remand the case to the trial court for 
a determination of the appropriate rate of postjudgment interest.
        Appellee’s 
petition alleged appellant owed $6,626.97 on credit card account number 
5410658405425370 issued by appellee to appellant.[2]  
Included in the petition were requests for admission, one of which states, 
“The contractual interest rate of 0% per year was agreed to by [appellee] and 
[appellant].” Appellee attached to the petition a verified statement of 
account, which indicated that appellant owed $6,626.97 on account number 
5410658405425370 only. Attached to the verified affidavit was “a hard copy 
print out of the financial information, including the balance owing, residing on 
[appellee’s] computer system as of the date the account(s) was (were) referred 
for collection to the attorney maintaining this lawsuit.” The print out shows 
a balance of $6,626.97. It also indicates that the portion of the balance 
subject to a finance charge is $0 but that the periodic rate is 0.06641%, and 
the nominal APR and annual percentage rate are 24.240%.
        Appellant 
was personally served but did not file an answer. Appellee filed a motion for 
default judgment. Attached to the motion were the affidavit and accompanying 
financial information attached to the petition and an affidavit in support of 
attorney’s fees. The attorney’s fees affidavit indicated that $4,240.00 
would be a reasonable, customary, and usual fee for the case, with $4,240.00 for 
an unsuccessful appeal. The affidavit also states that “the attorney’s fees 
requested . . . are reasonable considering the contingency fee nature of this 
suit.”
        The 
trial court signed a final default judgment in the principal amount of 
$16,956.83, with attorney’s fees of $4,240.00 and additional attorney’s fees 
of $4,240.00 in the event of an unsuccessful appeal. The judgment does not 
reflect imposition of prejudgment interest. The judgment indicates that 
postjudgment interest accrues at 18% on the principal amount and 5% on the 
attorney’s fees.
        In 
her first issue, appellant claims the trial court erred by not holding an 
evidentiary hearing on appellee’s motion for default judgment. The motion for 
default judgment indicates that “no hearing is necessary to establish the 
amount of damages” because the “the damages . . . are liquidated and proved 
by a written instrument and may be accurately calculated.” The only entry on 
the court’s docket sheet says, “2-2-04 Signed Default Judg.” The court 
reporter filed an affidavit swearing that no official record was requested or 
taken. But the judgment recites that
   
[a]t the hearing of this cause, [appellee] appeared through attorney of record. 
[Appellant], though duly cited to appear and answer, failed to file an answer 
within the time allowed by law.  The Court considered the pleadings, 
official records and evidence filed in this cause . . . . The Court takes 
judicial notice of usual and customary attorney’s fees and of the contents of 
the case file and finds the awarded fees are usual, customary and reasonable.
  
  
        In 
a restricted appeal, error must be apparent from the face of the record. Alexander 
v. Lynda’s Boutique, 134 S.W.3d 845, 848 (Tex. 2004). We cannot discern 
from this record whether a live hearing was held or not. Furthermore, it is not 
error for the court to render judgment on affidavits. Tex. Commerce Bank v. 
New, 3 S.W.3d 515, 517 (Tex. 1999); Ingram Indus., Inc. v. U.S. Bolt 
Mfg., Inc., 121 S.W.3d 31, 37 (Tex. App.—Houston [1st Dist.] 2003, no 
pet.); Barganier v. Saddlebrook Apartments, 104 S.W.3d 171, 173 (Tex. 
App.—Waco 2003, no pet.). Thus, the face of the record does not show that the 
trial court failed to hold an evidentiary hearing. Cf. Alexander, 134 
S.W.3d at 849-50 (holding that absence in record of proof of clerk’s sending 
required notice to dismiss does not show error apparent on the face of the 
record). We overrule appellant’s first issue.
        In 
her second issue, appellant contends the evidence is legally and factually 
insufficient to support the award of damages to appellee. Our review of the 
record shows evidence that appellant owed only $6,626.97, not $16,956.83. 
Appellee claims the difference is due to a second account, which appellant held 
with appellee. Appellee has attached a copy of an affidavit and invoice 
purporting to evidence this second account to its brief. But the documents 
attached to appellee’s brief are not included in the appellate record; thus, 
we cannot consider them. See id. at 848-49; In re D.D.J., 136 
S.W.3d 305, 315 n.3 (Tex. App.—Fort Worth 2004, no pet.).[3]  
Accordingly, we hold under the appropriate standard of review[4] 
that there is no evidence to support the trial court’s award of $16,956.83.[5]  But based on our review of the record and the 
appropriate standards of review,[6] we further hold 
that the evidence is both legally and factually sufficient to support damages in 
the amount of $6,626.97; therefore, we sustain appellant’s second issue only 
in part.
        In 
her third issue, appellant challenges the sufficiency of the evidence supporting 
the award of 18% postjudgment interest to appellee. Section 304.002 of the 
finance code provides that when parties contractually agree on a particular 
interest rate, the postjudgment interest rate is the lesser of the agreed-upon 
rate or 18%. Tex. Fin. Code Ann. 
§ 304.002 (Vernon Supp. 2004-05). If the interest rate in an agreement equals 
0%, the postjudgment interest rate is 0%. AU Pharm., Inc. v. Boston, 986 
S.W.2d 331, 334 (Tex. App.—Texarkana 1999, no pet.).
        One 
of the requests for admission in the petition indicates that the agreement 
between appellant and appellee provided for an interest rate of 0%, and the 
account information attached to appellee’s affidavit indicates that $0.00 of 
appellant’s balance was subject to a finance charge. But that information also 
shows that the APR on appellant’s account was 24.240%. The affidavit to which 
the financial information is attached does not state whether the parties agreed 
on any interest rate.
        If 
the interest rate applicable to appellant’s account is 24.240%, the applicable 
postjudgment rate is 18%. See Tex. 
Fin. Code Ann. § 304.002. But if the parties agreed upon an interest 
rate of 0%, the applicable postjudgment rate is 0%. See id.; AU Pharm., 
986 S.W.2d at 334. If the parties did not agree upon any interest rate at all, 
the interest rate is determined according to the formula set forth in finance 
code section 304.003. Tex. Fin. Code Ann. 
§ 304.003. It is unclear from the record whether the agreement between 
appellant and appellee provided for an interest rate of 0%, 24.240%, or any 
interest rate at all. Thus, we conclude that although there is evidence 
supporting the award of 18% postjudgment interest, it is so weak that the award 
should be set aside. See Garza, 395 S.W.2d at 823. We sustain 
appellant’s third issue.
        Having 
determined that the judgment must be reformed to show damages of $6,626.97 
instead of $16,956.83 and having held that the evidence is factually 
insufficient to support the award of 18% postjudgment interest, we reform the 
judgment to award damages to appellee in the amount of $6,626.97 and affirm the 
remainder of the judgment, except as to postjudgment interest, as reformed. We 
reverse the award of postjudgment interest applicable to the principal amount 
awarded and remand the case for a determination of the appropriate rate of 
postjudgment interest and total award.
   
  
                                                                  PER 
CURIAM
 
 
 
PANEL 
F:   LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.
 
 
DELIVERED: 
March 10, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Neither appellee’s petition, nor its motion for default judgment, seeks 
recovery of damages under any other account number.
3.  
Appellee does not contend that any part of the $10,329.86 difference is 
attributable to the imposition of prejudgment interest, and the judgment 
describes the $16,956.83 as the “Principal amount awarded.”
4.  
Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001); Cont’l Coffee 
Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); In re King's 
Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).
5.  
See Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 
(Tex. 1998), cert. denied, 526 U.S. 1040 (1999).
6.  
Bradford, 48 S.W.3d at 754 (legal sufficiency); Cont’l Coffee Prods., 
937 S.W.2d at 450 (same); In re King's Estate, 244 S.W.2d at 661 (same); Mar. 
Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex.), cert. denied, 
525 U.S. 1017 (1998) (factual sufficiency); Garza v. Alviar, 395 S.W.2d 
821, 823 (Tex. 1965) (same).