**George ALEXANDER d/b/a Zentner's Daughter Steakhouse, Petitioner,**

v.

**LYNDA'S BOUTIQUE, Respondent.**

No. 01–1248.

Supreme Court of Texas.

Argued Nov. 5, 2003.

Decided May 14, 2004.

Rehearing Denied June 18, 2004.

Michael P. Young, Leonard Woods, Davis & Wilkerson, P.C., Austin, Larry W. Bale, Hay Wittenburg Davis Caldwell & Bale, San Angelo, for petitioner.

Russell J. Bowman, for respondent.

Justice OWEN delivered the opinion of the Court, in which Chief Justice PHILLIPS, Justice HECHT, Justice O'NEILL, Justice WAINWRIGHT and Justice BRISTER joined.

There are two issues in this restricted appeal. The first is whether Texas Rule of Civil Procedure 165a(1)[1] requires that a separate hearing to adjudicate dismissal be held before a trial court may dismiss a case for want of prosecution for failure to appear at a pre-trial hearing when notice of that pre-trial hearing stated that failure to appear may result in dismissal. The second issue is whether the notice of a pre-trial conference in this case adequately reflected the trial court's intent to dismiss for failure to appear. We hold that Rule 165a(1) does not require a separate hearing and that the notice in this case adequately apprised the parties of the trial court's intent to dismiss for failure to attend a pre-trial conference. Because the trial court did not err in dismissing this case, we accordingly reverse the court of appeals' judgment[2] and render judgment dismissing the plaintiff's case.

---

1. TEX.R. CIV. P. 165a.

2. 96 S.W.3d 328.

## I

Lynda's Boutique and George Alexander d/b/a Zentner's Daughter Steakhouse (Alexander) are businesses located adjacent to one another in San Angelo, Texas. On May 6, 1999, Lynda's Boutique sued Alexander for negligence and gross negligence after a fire spread from Alexander's building to Lynda's Boutique.

In an order signed January 18, 2000, the trial court directed the parties to appear at a Rule 166[3] pre-trial scheduling conference on March 6, 2000. The court's order stated:

> **ATTENDANCE IS MANDATORY.** The Court may excuse counsel under the following circumstances **ONLY:**
>
> 1. Submission by counsel of a proposed Agreed Scheduling Order . . . Counsel is not excused from attendance unless notified that the Court has approved the Agreed Scheduling Order.
>
> 2. For other compelling and urgent reason deemed appropriate by the Court.

Failure to appear without excuse will result in dismissal of the case for want of prosecution or entering sanctions or other orders as the Court deems appropriate.

Lynda's Boutique did not appear at the scheduling conference. The trial court dismissed the case for want of prosecution four days after the hearing in an order dated March 10, 2000. There is no indication in the record that the court gave further notice or held an additional hearing before dismissing the case.

Lynda's Boutique did not file a motion to reinstate under Rule 165a(3).[4] On July 12, 2000, it filed notice of a restricted appeal challenging the trial court's dismissal order.[5] On appeal, Lynda's Boutique asserted that it did not discover the case had been dismissed until July 5, 2000, after the deadline to file a motion to reinstate had passed.[6] Lynda's Boutique contended that there were errors apparent from the face of the record, which it said were: 1) the trial court's record does not reflect that notice of the March 6, 2000 scheduling conference was sent; 2) the trial court failed to hold a dismissal hear-

---

**3.** Tex.R. Civ. P. 166.

**4.** *Id.* 165a(3) ("The Court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.").

**5.** *See* Tex.R.App. P. 30. Rule 30 provides:

> **Rule 30. RESTRICTED APPEAL TO COURT OF APPEALS IN CIVIL CASES**
> A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time

permitted by Rule 26.1(c). Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.

**6.** *See* Tex.R. Civ. P. 165a(3) (motion to reinstate must be filed within thirty days after the trial court signs the dismissal order); *id.* 306a(4) (if party does not receive notice or actual knowledge within twenty days of the signing of a judgment or other appealable order, the time period runs from the date the party receives notice or has actual knowledge, but in no event shall periods begin more than ninety days after the judgment or order is signed); *see also Estate of Howley v. Haberman,* 878 S.W.2d 139, 140 (Tex.1994) ("A party who does not have actual knowledge of an order of dismissal within 90 days of the date it is signed cannot move for reinstatement.").

ing; and 3) the trial court's record does not reflect that the order dismissing the case was sent to counsel of record's address.

The court of appeals ordered the trial court to reinstate the case, holding that the order setting the scheduling conference did not sufficiently apprise the parties of the trial court's intent to dismiss the case for want of prosecution because the order said that dismissal for want of prosecution was only "one of the *possible* sanctions listed in the order" for failure to attend.[7] The court of appeals further held that Rule 165a(1) requires a trial court to give notice of and hold a *separate* dismissal hearing "where a party may be provided an opportunity to explain his failure to appear" before the court can dismiss a case for failure of a party to attend a scheduled hearing.[8] Because the notice of the scheduling conference met the requirements of Rule 165a(1), and because the trial court did not err in dismissing the case, we reverse the court of appeal's judgment.

## II

To prevail on its restricted appeal, Lynda's Boutique must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.[9] Only the fourth element is at issue.

Counsel for Lynda's Boutique relies in part on an affidavit that was executed after the case had reached this Court.[10] However, we may not consider it. The affidavit constitutes extrinsic evidence that cannot be considered in a restricted appeal. As we explained in *General Electric Co. v. Falcon Ridge Apartments, Joint Venture*,[11] if extrinsic evidence is necessary, it should be presented in a motion for new trial or a bill of review:

> The rule has long been that evidence not before the trial court prior to final

---

**7.** 96 S.W.3d at 331 (emphasis in original).

**8.** *Id.* at 331–32.

**9.** Tex.R.App. P. 26.1(c), 30; *Quaestor Inv., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999).

**10.** The affidavit of counsel, Russell Bowman, says that when this case was in the trial court, an associate was counsel of record. That associate's employment was terminated at the end of February 2000, more than a month after the trial court signed the January 18, 2000 order directing the parties to attend the pre-trial scheduling conference. The affidavit further says that by the end of March 2000, the transfer of files from the associate to Bowman was completed, and that "it took some time for me to get up to speed on the cases." Counsel avers that he filed a "notice of attorney in charge" on July 3, 2000, began reviewing this case July 4, 2000 and called the clerk=s office July 5, 2000, when he was told the case had been dismissed for want of prosecution on March 10, 2000. The affidavit also states that counsel began reviewing all mail addressed to his former associate from the end of February 2000 on, and that no notice of the pre-trial conference was in that mail. The affidavit says that the former associate did not inform counsel of the pre-trial conference at the time he was terminated and that the former associate took his calendar with him. It further says that counsel did not receive the "file documents" in this case, including the pleadings, until after the March 6, 2000 hearing had occurred. The affidavit does not say that notice of the hearing was missing from the files that counsel received from his former associate. Nor does it say that counsel of record for Lynda's Boutique in January and February of 2000 failed to receive notice of the pre-trial hearing.

**11.** 811 S.W.2d 942 (Tex.1991).

judgment may not be considered in a writ of error proceeding.... Our system is founded upon a belief that trial courts should first be given the opportunity to consider and weigh factual evidence. Permitting challenge to a judgment based on affidavits first filed in the appellate court undermines this judicial structure. The appropriate remedy when extrinsic evidence is necessary to the challenge of a judgment is by motion for new trial, Tex.R.Civ.P. 320, or by bill of review filed in the trial court.[12]

■ Our decision in *General Electric* is dispositive of another issue in this appeal, which is whether the failure of the record to affirmatively show that notice of the pre-trial hearing was sent to counsel or that notice of the order dismissing the case was sent to counsel at a particular address is error on the face of the record. It is not.

In *General Electric*, the plaintiff whose case had been dismissed for want of prosecution filed an appeal by writ of error pursuant to former Texas Rule of Appellate Procedure 45. (The writ of error procedure is now the restricted appeal procedure in Texas Rules of Appellate Procedure 25.1, 26.1(c), and 30.) The record in *General Electric* was devoid of any indication that notice of a dismissal hearing had been issued or sent, and the plaintiff alleged that it had not received any notice that the trial court intended to dismiss for want of prosecution. The plaintiff tendered affidavits of its counsel and the district clerk averring that notice was neither given nor received. After explaining why we could not consider the affidavits, we held that when the record is silent as to whether notice was provided, there is no

error apparent on the face of the record: "The absence from the record of affirmative proof that notice of intent to dismiss or of the order of dismissal was provided does not establish error."[13] The absence of proof from the face of the record either way was just that—an absence of proof of error. We explained that this was not "an impermissible presumption in favor of the judgment, which is prohibited in a writ of error proceeding."[14] That is because the clerk has an affirmative duty under Rule 165a to give notice, but no duty to affirmatively show in the record that such notice was given:

Rule 165a, Texas Rules of Civil Procedure, which governs dismissals for want of prosecution, directs the district clerk to mail to counsel of record and to each party not represented by counsel a notice containing the date and place of the hearing at which the court intends to dismiss. A similar notice of the signing of the order of dismissal is also required. Tex.R. Civ. P. 165a, 306a. The rules do not, however, impose upon the clerk the duty to note on the docket sheet the fact of mailing such notices. Consequently, in cases dismissed for want of prosecution, the record is ordinarily silent as to whether or not the required notices were given.

There is thus nothing in the transcript before us that affirmatively indicates that notice was given, nor any notation to establish that notice was omitted.... The absence from the record of affirmative proof that notice of intent to dismiss or of the order of dismissal was provided does not establish error.[15]

Accordingly, the fact that the record is silent about the sending of notices under

---

12.  *Id.* at 944 (citations omitted).

13.  *Id.*

14.  *Id.* at 943.

15.  *Id.* at 943–44.

Rule 165a does not establish error on the face of the record. And mere silence as to whether notice was sent does not establish that notice was not sent or that it was sent to the wrong address. Accordingly, when the record does not reflect whether notice was sent, that is insufficient to establish reversible error in a restricted appeal proceeding.

Lynda's Boutique argues that *General Electric* is distinguishable because the record in this case is not entirely silent, at least as to whether notice of the order actually dismissing the case was sent to Lynda's Boutique. The order dismissing the case says at the bottom:

Xc: Webb, Frank J.

Bale, Larry W.

Lynda's Boutique argues that the absence of an address for Frank J. Webb, its attorney of record at the time the order was signed, is error on the face of the record. Lynda's Boutique cites *General Motors Acceptance Corp. v. City of Houston*.[16] In that case, the notice of intent to dismiss, and subsequently the dismissal order sent by the trial court, omitted part of the law firm name of appellant's counsel and the suite number of the building in which that firm was located. This incomplete firm name and address had been supplied by appellant's counsel in a motion it had previously filed, although the complete address was included in appellant's original petition instituting suit and the service of citation. The court of appeals held that the incomplete address on the notice of intent to dismiss and on the order dismissing the case constituted errors apparent on the face of the record.[17] We need not decide whether *General Motors Acceptance Corp.* was correctly decided. It is factually distinguishable. In this case, the record does not reflect the addresses to which either the notice of the pre-trial hearing or the notice of the dismissal order were mailed. There is no indication from the face of the record that either notice was sent to an incorrect address. The face of the record therefore gives no indication that the trial court failed to provide Lynda's Boutique notice of either the pre-trial hearing or the order dismissing the case for failure to attend that hearing.

### III

■ We now consider whether the order setting the pre-trial hearing comports with Rule 165a(1) and whether Rule 165a(1) permitted the trial court to dismiss this case for failure to appear without setting an additional hearing.

■ A court may dismiss a case for want of prosecution under either Rule 165a or under its common law inherent authority.[18] This case concerns only the trial court's authority to dismiss under Rule 165a(1). Rule 165a(1) states in pertinent part:

1. **Failure to Appear.** A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. At the dismissal hearing, the court shall dismiss for want of prosecution unless

---

**16.** 857 S.W.2d 731 (Tex.App.Houston [14th Dist.] 1993, no writ).

**17.** *Id.* at 733–34.

**18.** *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999).

there is good cause for the case to be maintained on the docket.[19]

The rule clearly states that a trial court may dismiss a "case on failure of any party seeking affirmative relief to appear for any hearing or trial." It also requires that notice of the court's intention to dismiss and the date and place of the dismissal hearing be sent to each attorney of record. Lynda's Boutique argues that the trial court's order setting the pre-trial conference does not give notice that the purpose of that hearing was to determine whether the case should be dismissed for want of prosecution. The court of appeals agreed, concluding that because the order setting the scheduling conference stated that dismissal was only one of a number of possible consequences for failure to appear, it was "unclear whether dismissal [would] automatically result without the benefit of a hearing."[20] The court of appeals further concluded that the scheduling order did not give "notice of the date and location of a dismissal hearing,"[21] saying:

> It is clear from this notation on the docket sheet that the sole purpose of the hearing set for March 6 was to conduct a scheduling conference, that the case was dismissed for want of prosecution as a direct result of counsel's failure to appear at the scheduling conference, and that the trial court did not first conduct a noticed dismissal hearing. We thus conclude that the trial court did not provide sufficient notice of its intent to dismiss, did not afford Lynda's Boutique an opportunity to be heard, and that this error is apparent on the face of the record.[22]

We disagree with this analysis. The order setting the pre-trial conference plainly warned the litigants that they could expect the trial court to dismiss the case for want of prosecution if Lynda's Boutique failed to attend: Failure to appear without excuse will result in dismissal of the case for want of prosecution or entering sanctions or other orders as the Court deems appropriate. The fact that the trial court said that it might order sanctions in addition or as an alternative to dismissal did not diminish the warning that dismissal was at issue. The fact that the order in this case explicitly states that the court could order lesser or alternative sanctions does nothing more than state the court's inherent authority.

Both Lynda's Boutique and the court of appeals have cited *Brown v. Brookshires Grocery Store*[23] for the proposition that a failure to conduct a dismissal hearing is error that is apparent from the face of the record. But the notice in *Brown* is different from the notice in this case. The notice in *Brown* said that the case would be dismissed for want of prosecution unless a written request for a setting or written showing for a continuance was made within fifteen days, but no definite date or time was set for a hearing on any matter. The plaintiff responded to the trial court's letter, referring to a request for a jury trial filed several months earlier along with payment of the jury fee. Despite this response, the trial court signed an order dismissing the case for want of prosecution, citing Rule 165a. The court of appeals concluded the notice was insufficient under Rule 165a because it did not include a date and place for a dismissal

---

**19.** Tex.R. Civ. P. 165a(1).

**20.** 96 S.W.3d at 331.

**21.** *Id.*

**22.** *Id.* at 332.

**23.** 10 S.W.3d 351 (Tex.App.Dallas 1999, pet. denied).

hearing.[24] The court also held that the trial court's failure to provide an opportunity for an oral hearing before dismissal was reversible error.[25] Here, the parties were told to appear on a specific day at a specific time and that if they did not do so, the case could be dismissed for want of prosecution. They were told when and where to appear and what the adverse consequences could be if they did not appear.

The notice and Lynda's Boutique's conduct in this case also differ from the notice and the plaintiff's conduct at issue in *Villarreal v. San Antonio Truck & Equipment*.[26] In *Villarreal*, the notice informed the plaintiff, YOU ARE REQUESTED TO BE PRESENT AND MAKE YOUR ANNOUNCEMENT. IF NO ANNOUNCEMENT IS MADE, THIS CAUSE WILL BE DISMISSED FOR WANT OF PROSECUTION.[27] Counsel for the plaintiff appeared at the hearing, announced that he was ready, and filed a motion to set the case on the jury docket. The trial court nevertheless dismissed the case. We held this was error because the plaintiff did precisely what the notice said was necessary to avoid dismissal—appear and announce ready for trial.[28]

Unlike the plaintiff in *Villarreal*, Lynda's Boutique did not comply with the express requirements of the trial court's order setting the pre-trial conference, which gave Lynda's Boutique notice of at least two things. First, there was to be a scheduling hearing, and second, dismissal could result if Lynda's Boutique did not appear at that hearing. Rule 165a(1) does not preclude a trial court from scheduling a pre-trial hearing, giving notice that failure to attend that hearing may result in dismissal for want of prosecution, and also deciding at that hearing whether the case should be dismissed for want of prosecution if a party seeking relief fails to attend. All Rule 165a(1) requires is notice of intent to dismiss and of a date, time, and place for the hearing.

Because the notice in this case clearly set a date and time for a hearing and clearly stated that the parties could expect the court to dismiss the case for want of prosecution for nonattendance, the order satisfies any requirement that there be notice and an opportunity to be heard before a case is dismissed for want of prosecution.[29] The right to seek reinstatement as provided in Rule 165a(3), a restricted appeal in the appropriate case, and procedures for a bill of review will generally satisfy any due process concerns that might arise in this context.[30]

\* \* \* \* \*

For the foregoing reasons, we hold that the trial court did not err in dismissing this case for want of prosecution. We therefore reverse the court of appeals' judgment and render judgment dismissing Lynda's Boutique's claims against Alexander.

24. *Id.* at 353–54.

25. *Id.* at 354.

26. 994 S.W.2d 628 (Tex.1999).

27. *Id.* at 629.

28. *Id.* at 632.

29. *See id.* at 630. *But see generally Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (the U.S. Constitution does not require prior notice of intent to dismiss and a hearing before a case can be dismissed for want of prosecution).

30. *See Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex.1991) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988)).

Justice SCHNEIDER filed a dissenting opinion, in which Justice JEFFERSON and Justice SMITH joined.

Justice SCHNEIDER, joined by Justice JEFFERSON and Justice SMITH, dissenting.

The Court today concludes that Texas Rule of Civil Procedure 165a(1) permits a case to be dismissed for want of prosecution without holding a separate dismissal hearing. Because I conclude that the plain language of the rule requires a separate hearing, I respectfully dissent.

In this case, the plaintiff, Lynda's Boutique, failed to appear at a scheduling hearing. Four days later, the trial court dismissed the claim for want of prosecution. The record does not reflect that the court gave any further notice or held any additional hearing before dismissing the case.

I agree that Rule 165a(1) permits a plaintiff's case to be dismissed for want of prosecution when a party fails to attend a required hearing; the rule provides that:

> A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record.... At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket.

TEX.R. CIV. P. 165a(1). I disagree, however, that the case can be dismissed immediately after a single missed hearing without further notice to the parties. First, the rules repeated reference to a "dismissal hearing" indicates that a separate hearing is contemplated. *Id.* Furthermore, the rule allows a party to avoid dismissal by showing "good cause for the case to be maintained on the docket." *Id.* If the plaintiff is not present at the hearing—for example, when, as here, the scheduling hearing at which the plaintiff failed to appear suddenly became the "dismissal hearing"—then it is difficult to imagine how the plaintiff could show good cause. Consequently, I would interpret the rule to require a two-step procedure: first, the trial court must provide the plaintiff with notice that its failure to prosecute the case will lead to dismissal, and second, the trial court must hold a dismissal hearing at which the plaintiff has an opportunity to show good cause for maintaining the case.

Because I conclude that Rule 165a contemplates a separate hearing before dismissal, and that the trial court in this case therefore lacked the authority to dismiss the case pursuant to Rule 165a without holding such a hearing, I must also consider whether the trial court could have dismissed the case without such a hearing under its inherent authority. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999) ("[T]he common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence."). Although this Court has not ruled on the issue, the United States Supreme Court has held that a federal court has inherent authority to dismiss a case when the plaintiff has engaged in dilatory tactics *and* has failed to appear for a pretrial conference. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). In *Link*, however, the Supreme Court did not decide "whether unexplained absence from a pretrial conference would alone justify a dismissal with prejudice if the record showed no other evidence of dilatoriness on the part of the plaintiff." *Id.* at 634, 82 S.Ct. 1386.

The circuit courts of appeals have ruled on that issue, however, and have almost uniformly held that absence from a single hearing is insufficient to support dismissal in the absence of other dilatory behavior. *See, e.g., Doyle v. Murray,* 938 F.2d 33, 34 (4th Cir.1991); *Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir.1988); *Tolbert v. Leighton,* 623 F.2d 585, 586 (9th Cir.1980); *Flaksa v. Little River Marine Constr. Co.,* 389 F.2d 885, 887–88 (5th Cir.1968) *cert. denied* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387; *Meeker v. Rizley,* 324 F.2d 269, 271 (10th Cir.1963); *see also* 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2370 (2d ed.1990). I would follow this federal precedent to conclude that the trial courts inherent authority does not permit dismissal when the only evidence of dilatoriness is the failure to appear at a single hearing.

Accordingly, I would affirm the court of appeals' judgment reinstating the case.