Opinion issued February 2, 2006














In The
Court of Appeals
For The
First District of Texas




NO. 01–04–01097–CV




CHRISTOPHER HAMLETT, Appellant

V.

JANICE HAMLETT AND ATTORNEY GENERAL OF TEXAS, Appellees




On Appeal from the 245th District Court 
Harris County, Texas
Trial Court Cause No. 2004-011856
 

 


MEMORANDUM OPINION

          Appellant, Christopher Hamlett, through attempted conventional or restricted
appeal, seeks to reverse a trial court order denying his petition for bill of review. In
the alternative, Christopher requests that we consider his brief a petition for writ of
mandamus. Christopher asserts the following issues: (1) whether our court has
jurisdiction to consider the appeal, (2) whether the trial court erred in denying the bill
of review on the ground of lack of diligence, and (3) whether the trial court erred in
not entering findings of fact and conclusions of law.
          We dismiss the matter because Christopher has not established that we have
jurisdiction to consider the matter as a conventional appeal, restricted appeal, or as
a petition for writ of mandamus.
Factual Background
          On April 3, 1990, Janice Hamlett gave birth to a son, D.H. Janice sought and
received financial support for her son from the State of Texas. The State, through the
Attorney General of Texas, brought a suit affecting the parent-child relationship,
cause number 91-28323, in the 245th District Court of Harris County, against
Christopher. Christopher approved an order entered by the district court, adjudicating
him the father of D.H., appointing Christopher as D.H.’s possessory conservator with
visitation rights, and ordering Christopher to pay Janice $110 per month child support
for D.H. The trial court did not dissolve Janice’s and Christopher’s marital
relationship. The district court signed the order on November 11, 1991.
          More than 12 years later, when Christopher decided to divorce Janice, upon
advice of counsel, Christopher procured a DNA test. The DNA report excluded
Christopher as D.H.’s biological father.
          In March 2004, Christopher filed his original petition for bill of review, cause
number 2004-11856, in the 245th District Court, seeking to have the 1991 order set
aside. The Attorney General of Texas answered asserting, among other things, the
statute of limitations.
          On June 2, 2004, the Associate Judge of the 245th District Court heard
Christopher’s original petition for bill of review, and denied it based on the four-year
statute of limitations. On June 4, 2004, Christopher filed his notice of appeal of the
Associate Judge’s report. Inexplicably, on June 22, 2004, before the appeal was
heard, the Honorable Lisa Millard, Judge of the 310th District Court, signed an order
denying the petition for bill of review. The order bore the correct style, including
references to the court as the 245th and the cause number as 2004-11856. The order
also referenced the June 2, 2004 hearing, including the parties’ appearances. 
          According to Christopher’s brief, on July 16, 2004, the Honorable Annette
Galik, Presiding Judge of the 245th District Court, heard Christopher’s appeal,
affirmed the Associate Judge’s ruling, and dismissed Christopher’s bill of review. 
The clerk’s record contains no order documenting Judge Galik’s ruling. Christopher
has not sought to supplement the record to include such an order, and, in his brief,
Christopher concedes that the June 22, 2004 order is the final order dismissing his bill
of review.
          On August 5, 2004, Christopher filed a request for findings of fact and
conclusions of law, followed on August 16, 2004 by a notice of past due findings of
fact and conclusions of law. On September 16, 2004, Christopher filed a notice of
appeal, stating his desire to appeal “the final judgment in this cause rendered on the
16th day of July, 2004.”
Jurisdiction
          In issue one, Christopher asserts that this court has jurisdiction to consider this
appeal.
Conventional Appeal Jurisdiction
          Christopher contends that the timetable for filing his notice of appeal runs from
July 16, 2004, the date Judge Galik heard Christopher’s appeal of the Associate
Judge’s June 2, 2004 ruling denying Christopher’s bill of review. Christopher cites
Texas Rule of Appellate Procedure 33.1(a)(2)(A) as authority. This rule provides:
“(a) In General. As a prerequisite to presenting a complaint for appellate review, the
record must show that: . . . (2) the trial court: (A) ruled on the request, objection, or
motion, and the complaining party objected to the refusal.” This rule relates to
preservation of error and not to jurisdiction. Therefore, it does not constitute
authority that confers jurisdiction on this Court to consider Judge Galik’s July 16th,
non-memorialized ruling instead of the only memorialized ruling in the record, Judge
Millard’s June 22nd order.
          Christopher maintains that Texas Family Code, section 201.015


 mandates a
de novo hearing on an appeal from a decision of an associate judge, and that Judge
Millard’s June 22, 2004 signature of the order denying the bill of review cut off his
right to a de novo hearing before Judge Galik. Thus, Christopher contends that the
appellate timetables should begin to run from July 16, 2004, the date Judge Galik
apparently heard the appeal, denied Christopher’s bill of review, but did not
memorialize her ruling in writing. Judge Millard’s June 22, 2004 order did not cut
off Christopher’s right to a de novo hearing of his appeal of the associate judge’s
report, which hearing he admittedly received on July 16th. The absence of an order
documenting Judge Galik’s July 16th ruling denying Christopher’s bill of review,
however, deprived Christopher of the ability to use July 16 as the date from which the
appellate timetables run for notice of appeal purposes. See Tex. R. App. P. 26.1 (“The
notice of appeal must be filed within 30 days after the judgment is signed . . . ”)
(emphasis added).
          Thus, the appellate timetable started from Judge Millard’s signing of the order
denying Christopher’s bill of review on June 22, 2004. Christopher filed no
postjudment motions relative to this order. Therefore, his notice of appeal was due
to be filed within 30 days (by July 22, 2004). Tex. R. App. P. 26.1. Christopher did
not file his notice of appeal until September 16, 2004, outside the rule 26.1 deadline
and outside the 15-day grace period. See Tex. R. App. P. 26.3. Accordingly, we are
without jurisdiction to consider this matter by way of conventional appeal.
Restricted Appeal or Mandamus
          In the alternative, Christopher contends that using the June 22, 2004 date as the
starting point for the appellate timetable, we should consider this appeal as a
restricted appeal or a petition for writ of mandamus.
          A party pursuing a restricted appeal must satisfy four elements: (1) notice of
the restricted appeal must be filed within six months after the judgment is signed; (2)
by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the
judgment complained of and did not file a timely postjudgment motion or request for
findings of fact and conclusions of law; and (4) error must be apparent on the face of
the record. Alexander v. Lynda’s Boutique, 134 S.W.3d 845, 848 (Tex. 2004).
Christopher conclusorily cites the rules of appellate procedure pertaining to restricted
appeals, Texas Rules of Appellate Procedure 26.1(c) and 30, but makes no showing
in his brief that he meets the four restricted appeal elements to qualify for restricted
appeal jurisdiction. Neither does Christopher develop an argument for considering
the June 22nd order by petition for writ of mandamus. Christopher has waived these
contentions. See Tex. R. App. P. 38.1(h); Bradt v. West, 892 S.W.2d 56, 69 (Tex.
App.—Houston [1st Dist.] 1994, writ denied) (“authorities alone are not sufficient to
comprise an ‘argument’ that suffices . . .” under the rules of appellate procedure). 
Conclusion
          We dismiss the appeal for want of jurisdiction.

 
                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Taft, Higley, and Bland.