Opinion filed September 25, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September
25, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00161-CV 

                                                     __________

 

                     RICKY
ROBERTSON, INDIVIDUALLY AND D/B/A

           ROBERTSON
HEATING AND AIR CONDITIONING, Appellant

                                                             V.

                                    KINARD=S PLUMBING, Appellee

 



 

                                               On
Appeal from the County Court 

                                                      of
Howard County, Texas

                                                   Trial
Court Cause No. C-5473

 



 

                                             M
E M O R A N D U M   O P I N I O N

Kinard=s Plumbing sued Don (Ducky)
Robertson, Ricky Robertson,[1] and Robertson
Heating and Air Conditioning in small claims court to recover $4,550.81 in
unpaid labor and materials.  Kinard=s
recovered a judgment for the requested amount, and defendants appealed to
county court.  The county court conducted a bench trial and rendered judgment
for Kinard=s against
Ricky Robertson and Robertson Heating and Air Conditioning for $4,550.81. 
Because there was no evidence to support this judgment, we reverse and render.

 








                                                             I.
Standard of Review

 Defendants
challenge the judgment contending that it is supported by legally insufficient
evidence.  In considering a legal sufficiency challenge, we review all the
evidence in the light most favorable to the prevailing party, indulging every
inference in their favor.  City of Keller v. Wilson, 168 S.W.3d 802, 822
(Tex. 2005).  Kinard=s
brief is replete with copies of invoices, pictures, affidavits, and other
documentary evidence.  None of this documentation was introduced into evidence
and, therefore, may not be considered on appeal.  Alexander v. Lynda=s Boutique, 134 S.W.3d
845, 848-49 (Tex. 2004).

                                                                 II.
The Evidence

             The
elements of a breach-of-contract claim are as follows: (1) the existence of a
valid contract; (2) performance or tendered performance by the plaintiff; (3)
breach of the contract by the defendant; and (4) damages sustained by the
plaintiff as a result of the breach.  Valero Mktg. & Supply Co. v.
Kalama Int=l,
51 S.W.3d 345, 351 (Tex. App.CHouston
[1st Dist.] 2001, no pet.).  Defendants contend that Kinard=s introduced no evidence of
a contract between itself and any of the defendants, introduced no evidence of
the labor or materials delivered, and introduced no evidence of the amount each
defendant owed.

Charles
Kinard appeared on behalf of Kinard=s
and was its only witness.  Charles testified that there was an agreement to run
three commodes and, apparently, a sink and gas line for $4,000.  He described
additional charges for pipes under a building, repairing a clean-out, and
modifying a gas line.  He testified that the total bill was $4,550.79.[2] 
Charles did not say with whom the agreement was reached.  He referenced
conversations with Ricky, who we assume was the defendant Ricky Robertson, but
he did not describe whether Ricky was acting individually or on behalf of
either or both of the other defendants.  Charles referred to some invoices, and
the trial court asked to see the invoices; however, he did not introduce those
into evidence or otherwise indicate who was invoiced.








When
the evidence is reviewed in the light most favorable to Kinard=s, it indicates that Kinard=s had an agreement with
someone and that it has unpaid invoices totaling $4,550.79 for this work. 
Kinard=s did not,
however, introduce legally sufficient evidence to establish that it had an
agreement with either Ricky Robertson or Robertson Heating and Air
Conditioning.  Defendants=
issue is sustained. 

                                                                     III.
Holding

The
judgment of the trial court is reversed, and judgment is rendered that Kinard=s Plumbing take nothing.

 

 

RICK STRANGE

JUSTICE

 

September 25,
2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]It is noted that the notice of appeal states ARicky Robertson, individually and d/b/a Robertson
Heating and Air Conditioning.@





[2]The judgment reflects the amount of $4,550.81; however,
the amount stated in the testimony was $4,550.79.