Affirmed and Memorandum Opinion filed June 21, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-01011-CV

___________________

 

Hufco-Beaumont, LLC, Hufco-Conroe, LLC, and
Stacey Supply Corporation, Appellants

 

V.

 

Bruce Johnson, Appellee



 



 

On
Appeal from the County Civil Court at Law No. 3

Harris County,
Texas



Trial Court Cause No. 958290

 



 

 

MEMORANDUM OPINION

            Appellants
Hufco-Beaumont, LLC, Hufco-Conroe, LLC, and Stacey Supply Corporation
(collectively, “Hufco”) bring this restricted appeal to challenge the default
judgment entered against them on their former attorney’s breach-of-contract
claim.  There being no error apparent on the face of the record, we affirm.

I.  Factual and Procedural
Background

            According to
the pleadings in this case, Hufco retained attorney Bruce Johnson to represent
it in an employment dispute.  Hufco paid Johnson’s first bill for legal
services in March 2009, and although Johnson formally presented claims for
payment, Hufco failed to pay anything further.  

            Johnson sued
for breach of contract and asserted alternative claims for quantum meruit and
promissory estoppel.  Hufco failed to answer the suit, and Johnson moved for
default judgment.  He supported the motion with copies of correspondence documenting
his payment demands, and with affidavit testimony establishing the amount and
reasonableness of his unpaid invoices and attorneys’ fees.  On August 12, 2010,
the trial court rendered judgment in Johnson’s favor, awarding him $35,672.73
for the unpaid invoices and $4,235.00 in attorneys’ fees, together with
interest, costs, and a conditional award of further attorneys’ fees in the
event that Hufco challenged the judgment in the trial court or on appeal.  On
October 6, 2010, Hufco filed this restricted appeal.

II.  Analysis

            To prevail
on a restricted appeal, an appellant must establish that (1) it filed a notice
of the restricted appeal within six months after the judgment was signed, (2) it
was a party to the underlying lawsuit, (3) it did not participate in the
hearing that resulted in the judgment complained of and did not timely file any
postjudgment motions or requests for findings of fact and conclusions of law,
and (4) error is apparent on the face of the record.  Tex. R. App. P. 30; Alexander v. Lynda’s Boutique, 134
S.W.3d 845, 848 (Tex. 2004).  Here, only the fourth element is at issue. 

            In the sole
issue presented, Hufco contends that the evidence is legally and factually
insufficient to support the judgment because the record contains no evidence of
an agreement, promise, or contract between Johnson and Hufco.  But in a
no-answer default judgment, the defendant’s failure to answer the suit acts as
an admission of all facts properly pled in the petition except for the amount
of unliquidated damages.  See Dolgencorp of Tex., Inc. v. Lerma, 288
S.W.3d 922, 930 (Tex. 2009) (per curiam).  Because Hufco does not challenge the
amount of the damages awarded, we will reverse the judgment only if Johnson failed
to plead facts supporting liability.  

            Johnson
alleged that he was asked to provide legal services to Hufco; that Hufco
retained him to represent it in an employment dispute; that he did provide the
requested legal services to Hufco; that he timely and properly billed Hufco;
that Hufco initially paid the invoices, but later refused to make further
payments; that he presented his claim pursuant to Texas Civil Practice and
Remedies Code section 38.001 et seq; and that all conditions precedent to the
suit had occurred or had been performed.  By failing to answer the suit, Hufco
admitted the truth of each of these allegations.  Because these admissions
establish the existence and breach of an express oral agreement, the face of
the record does not show that the trial court erred in holding Hufco liable for
the unpaid legal bills.  

            In an
attempt to avoid the effect of the admissions, Hufco points to language in
Johnson’s petition that he “provided legal services to defendants at the
express request of Wade Wiesepape.”  According to Hufco, Johnson’s use of this
language is an admission that he had a contract only with Wiesepape, and not
with Hufco.  This argument ignores the reality that “corporations must act through
human agents.”  In re Vesta Ins. Group, Inc., 192 S.W.3d 759, 762 (Tex.
2006) (per curiam).  For a corporation to enter an oral agreement, it must
speak with a human voice.  Here, it was alleged and admitted that the voice
belonged to Wiesepape, but the contractual obligation belonged to the
corporation.  

            There being
no error apparent on the face of the record, we affirm the trial court’s
judgment.

                                                                                    

                                                                        /s         Tracy
Christopher

                                                                                    Justice

 

 

Panel consists of Justices
Anderson, Brown, and Christopher.