

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| LUIS RAUL CAMACHO, | § | No. 08-13-00199-CV |
| Appellant, | § | Appeal from the |
| v. | § | 171st District Court |
| JOSEPH D. VASQUEZ, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2011DCV01977) |
|  | § |  |

## **MEMORANDUM OPINION**

Luis Raul Camacho appeals from an order dismissing his suit. We dismiss the appeal for want of jurisdiction.

The trial court signed the dismissal order on February 13, 2013. Appellant timely filed a motion for new trial on March 11, 2013. *See* TEX.R.CIV.P. 329b(c). Thus, Appellant's notice of appeal was due to be filed on or before May 14, 2013. *See* TEX.R.APP.P. 26.1(a)(1)(providing that notice of appeal must be filed within 90 days after the judgment is signed if any party timely files a motion for new trial). Appellant did not file his notice of appeal until July 22, 2013. The Clerk sent a notice to Appellant informing him of the Court's intent to dismiss the appeal because the notice of appeal had not been timely filed. *See* TEX.R.APP.P. 42.3. Appellant filed a written response asserting that his notice of appeal was timely filed because this is a restricted appeal.

In a restricted appeal, the notice of appeal is due to be filed within six months after the judgment or order is signed. TEX.R.APP.P. 26.1(c). Rule 30 of the Texas Rules of Appellate Procedure permits a restricted appeal only when the appellant "did not participate--either in person or through counsel--in the hearing that resulted in the judgment complained of" and "did not timely file a postjudgment motion . . . ." TEX.R.APP.P. 30; *see Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)(stating requirements of restricted appeal). A motion for new trial is a postjudgment motion and it is timely if filed within thirty days after the judgment or other order complained of is signed. *See* TEX.R.CIV.P. 329b(a). Because Appellant timely filed a motion for new trial, he is not permitted to bring a restricted appeal under Rule 30 and his notice of appeal was due to be filed on May 14, 2013, ninety days after the trial court signed the dismissal order. *See* TEX.R.APP.P. 26.1(a)(1), 30. Appellant filed his notice of appeal on July 22, 2013, more than fifteen days after the due date. Accordingly, we dismiss the appeal for lack of jurisdiction.

October 9, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.