In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00092-CV
_____

PATRICIA ANN POWERS, Appellant

V.

VICTOR MORQUECHO AND ANDREA SANDOVAL, Appellees

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 12-01-00572 CV

MEMORANDUM OPINION

Patricia Ann Powers sued Victor Morquecho and Andrea Sandoval for injuries that Powers alleged she incurred from a bite by Morquecho's and Sandoval's dog. Powers requested a bench trial. The trial court dismissed the case for want of prosecution. In this appeal, Powers contends the trial court erred in dismissing the case. We affirm the trial court's judgment.

The clerk's record includes a cover letter that is dated May 1, 2012, and addressed to Powers at the address provided in her original petition. Through this letter, the trial court notified Powers that the enclosed discovery control plan would

1

control the disposition of the case, and that the trial and call dates were firm and not subject to change. That letter, the discovery control order, and a trial preparation order each notify Powers of the pre-trial conference and trial setting for January 28, 2013, at 9 a.m. Also, on May 1, 2012, the trial court signed an order referring the matter to alternative dispute resolution. Powers acknowledged the dispute resolution order on a document Powers filed with the trial court on September 12, 2012. That document informs the trial court that Powers's address had changed.

The record includes the bailiff's certificate, which indicates that the bailiff called Powers's name in the corridor outside the courtroom on January 28, 2013. In the order dismissing the case, the trial court found that on May 7, 2012, the case was set for non-jury trial on January 28, 2013, and that notice was sent to Powers and the defendants. The order recites that the case was called to trial on January 28, 2013, at 9 a.m., and that Morquecho and Sandoval appeared through their attorney, but Powers did not appear.

Powers failed to file a verified motion to reinstate the case. *See* Tex. R. Civ. P. 165a(3). Powers did not assert a claim of lack of notice in the trial court, but raises the issue for the first time in a notice of appeal.

Powers argues that she did not receive notice of the trial, but the order of dismissal recites that notice was sent and that recital is not contradicted in the

record. The transmittal letter shows that the notice was sent to the address Powers provided to the trial court. The trial court's May 1, 2012 docket control order states, in underlined and bold upper-case letters, that failure to appear at the 9 a.m. docket call on January 28, 2013 would be grounds for dismissal for want of prosecution.

A trial court may dismiss a case for want of prosecution if the plaintiff fails to appear for the trial. *See* Tex. R. Civ. P. 165a(1). The required notice is satisfied when the trial court notifies the parties to appear in court and warns that a failure to appear will result in a dismissal for want of prosecution. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 851-52 (Tex. 2004). The trial court's notices informed Powers of the date and time where she must appear and the consequences of her failure to appear. We conclude that the trial court did not abuse its discretion by dismissing the case. *See id.* The trial court's judgment is affirmed.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on January 2, 2014
Opinion Delivered March 6, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.

3