**Opinion filed April 21, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00126-CV

_____

## ARTISAN INFRASTRUCTURE, INC., Appellant

## V.

## PREMIER FAMILY CARE I, INC. D/B/A PREMIER PHYSICIANS, Appellee

**On Appeal from the County Court At Law No. 2**

**Midland County, Texas**

**Trial Court Cause No. CC-17,133**

### M E M O R A N D U M   O P I N I O N

Artisan Infrastructure, Inc. brings this appeal from an adverse judgment by which the trial court enjoined it from certain activities and required it to perform certain other activities related to the storage and retrieval of Premier Family Care I's electronic patient records.  We affirm.

Premier Family Care I, Inc. is a health care provider. Premier initially sued MedAppz, LLC; Medlink International, Inc.; Ray Vuono; Consultis Group, LLC; and Brian Lichtlin for breach of a contract that it had with MedAppz for the handling and storage of, and access to, Premier's electronic patient records. Later, when it learned that Artisan was storing its data through some type of agreement "with Lichtlin/MedAppz/MedLink," Premier amended its petition to include Artisan Infrastructure, Inc. as a defendant.

Premier alleged that Artisan had threatened to destroy its copy of Premier's data, and Premier sought and obtained a temporary restraining order to prevent that. In the temporary restraining order, the trial court set a temporary injunction hearing for July 26, 2013. By agreement of the parties, the trial court extended that date for fourteen days. By its order entered on July 25, 2013, the trial court reset the hearing for August 7, 2013. On August 7, 2013, the trial court set the hearing on Premier's request for temporary injunction for August 19, 2013. On August 19, 2013, after the hearing that the trial court had set, the trial court entered a temporary injunction to essentially ensure the temporary protection of and access to Premier's data. Jessica A. Putonti, an attorney from the law firm of Dorsett, Johnson & Swift, LLP, appeared for and participated in that hearing by telephone on behalf of Artisan. None of the other defendants appeared. During that hearing, the trial court set the final hearing for November 4, 2013. Although Putonti appeared on behalf of Artisan, neither Artisan nor any other defendant ever filed a written answer in this case.

On October 10, 2013, Premier filed a motion for default judgment. The motion contained a notice of hearing directed to Artisan in which Premier

notified Artisan that the motion was set for a hearing on November 4, 2013, the date for which the trial court had previously set the final hearing.

The trial court heard the motion for default judgment on November 4, 2013. In the order that the trial court entered after that hearing, it noted that, although the defendants were duly and properly notified of the hearing, all of them failed to appear for the hearing. The trial court then granted permanent injunctive relief against Artisan, as well as certain other relief against the other defendants that is not pertinent to this appeal.

Artisan claimed that it did not know about the judgment until it was too late to file a motion for new trial and pursue a regular appeal. Therefore, it filed this restricted appeal under Rule 30 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 30.

In this restricted appeal, Artisan maintains, as its sole ground for appeal, that the judgment against it was entered in error because "it was taken as a post-answer default without notice to Artisan." In *Lejeune*, the court noted that a party can prevail in a restricted appeal only if:

> (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (quoting *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)).

As a preliminary matter, Premier claims that Artisan did not file its notice of restricted appeal in a timely manner. We have already answered that question against Premier when we granted Artisan's motion for permission to file a late notice of appeal.

As we have stated, in order to prevail in this restricted appeal, Artisan must show, among other things not relevant here, that the claimed error (lack of notice) is apparent from the face of the record. On appeal, Artisan maintains that notice of the hearing was sent to the wrong address and the wrong e-mail address. Under the claims that Artisan makes here, then, it must be apparent from the face of the record that the judgment was entered against it without proper notice. We believe that this record shows the contrary. There is nothing on the face of this record to show that notices were sent to the wrong address or to an incorrect e-mail address. In fact, in its judgment, the court found that all parties were properly notified of the hearing.

Further, the face of the record shows that Artisan had actual notice of the hearing. A record was made of the August 19, 2013 hearing. The reporter's record made of that hearing shows that Artisan did appear for the hearing, telephonically, through its attorney. At the conclusion of that temporary injunction hearing, counsel for Premier brought it to the attention of the trial court that it was necessary that the order contain a setting for the final hearing or it would not be enforceable. When it selected a date, the trial court commented that "we'll say November 4th and that will just get us a date. We can alter that whenever we need to." The trial court "pencil[ed] in" the trial setting for November 4, 2013, at 9:00 a.m., "understanding this date will be changed."

But the date of the hearing was neither altered nor changed. The face of the record shows that Artisan actually knew of the final hearing date and time, and that notice of the hearing on Premier's motion for default judgment on that same date was also sent to Artisan. Because Artisan has not shown any error on the face of the record—in fact the face of the record shows the

4

contrary—it cannot prevail in this restricted appeal.  *See id.*  We need not consider whether Artisan met the other elements necessary to prevail in a restricted appeal.  Artisan's sole issue on appeal is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


April 21, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5