Opinion issued May 4, 2021



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00677-CV

———————————

**BRADLEY JARED BARTON, Appellant**

**V.**

**OFFICE OF ATTORNEY GENERAL, Appellee**

---

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-84841**

---

## MEMORANDUM OPINION

Appellant, Bradley Jared Barton, brings this restricted appeal from the trial court's entry of a default order in the paternity suit filed against him by appellee, the Office of the Attorney General of Texas ("OAG"). In two issues, Barton contends that the district court abused its discretion in not permitting him to participate in the

underlying proceeding and he is entitled to a new trial. We dismiss the appeal for want of jurisdiction.

## Background

On November 28, 2018, OAG filed a petition to establish the parent-child relationship, requesting that the trial court determine the parentage of B.J.B., a minor child, appoint conservators, and set child support. Barton, an inmate at the Texas Department of Criminal Justice–Institutional Division, received service of the petition on March 22, 2019.

On April 3, 2019, Barton filed an answer and counterpetition for appointment of conservatorship. In the event he was determined to be the child's father, Barton requested a hearing concerning the appointment of conservators and requested that his mother be appointed as the child's sole managing conservator or that the child's maternal aunt and paternal grandmother be appointed joint managing conservators. Barton also filed a motion for issuance of bench warrant "for his participation in this case, or otherwise scheduling effective means for his participation in this case."[1]

On July 24, 2019, following a hearing, the trial court entered a contested default order establishing the parent-child relationship.[2] OAG and the child's

---

[1] Although the motion for issuance of bench warrant does not appear in the record, OAG included a copy of Barton's file-stamped motion in the appendix to its brief.

[2] The order states that "[a] record of the proceedings was made by audio recording." Barton did not file the recording or a transcript of the recording with this Court.

2

mother attended the hearing. Barton did not attend. The trial court found Barton to be B.J.B.'s biological father and appointed the child's mother as sole managing conservator and Barton as possessory conservator. The trial court did not set child support due to Barton's incarceration.

On August 16, 2019, Barton filed a notice of restricted appeal with this Court.[3] On August 22, 2019, he filed a motion for new trial. On September 3, 2019, the trial court filed Barton's restricted appeal.[4]

## Restricted Appeal

Rule 30 of the Texas Rules of Appellate Procedure, dealing with restrictive appeals, provides:

> A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

---

[3]    Barton mistakenly filed his notice of restricted appeal with this Court rather than the trial court. His notice is deemed to have been filed the same day with the trial court clerk. *See* TEX. R. APP. P. 25.1(a).

[4]    On October 8, 2019, this Court abated the appeal to permit the trial court to hold a hearing to determine whether Barton was indigent. At the October 31, 2019 hearing, the trial court found Barton indigent. On January 23, 2020, we reinstated Barton's appeal.

TEX. R. APP. P. 30. A restricted appeal is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment. *In re E.K.N.*, 24 S.W.3d 586, 590 (Tex. App.—Fort Worth 2000, no pet.) (citing TEX. R. APP. P. 30). To prevail on a restricted appeal, an appellant must demonstrate that (1) he filed the notice of restricted appeal within six months of the date of the judgment or order; (2) he was a party to the suit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file (i) a post-judgment motion, (ii) a request for findings of facts and conclusions of law, or (iii) a notice of appeal; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

Barton filed his notice of restricted appeal on August 16, 2019—twenty-three days after the trial court entered its contested default order—and, therefore, within the time permitted by Rule 26.1(a). *See* TEX. R. APP. P. 26.1(a) (requiring notice of appeal to be filed within thirty days after judgment is signed). Barton, however, also filed a timely post-judgment motion for new trial on August 22, 2019, twenty-nine days after the trial court entered its contested default order. *See* TEX. R. CIV. P. 329b(a) ("A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed."). Because Barton filed a timely post-judgment motion for new trial, we lack jurisdiction over this restricted

4

appeal. *See Chartway Fed. Credit Union v. Gleason*, No. 01-03-00286-CV, 2003 WL 21299978, at *1 (Tex. App.—Houston [1st Dist.] June 5, 2003, no pet.) (per curiam) (mem. op.) (dismissing restricted appeal for want of jurisdiction after appellant timely filed motion for new trial); *see also Muirhead v. Muirhead*, No. 01-16-00950-CV, 2017 WL 976078, at *1 (Tex. App.—Houston [1st Dist.] Mar. 14, 2017, no pet.) (per curiam) (mem. op.) (dismissing restricted appeal for want of jurisdiction after appellant timely filed post-judgment motion to set aside default judgment); *Lushann Intern. Energy Corp. v. Harris Cty.*, No. 01-17-00119-CV, 2008 WL 4166473, at *1 (Tex. App.—Houston [1st Dist.] Sept. 11, 2008, no pet.) (per curiam) (mem. op.) ("A restricted appeal is only available to a party 'who did not timely file a postjudgment motion . . . .'") (quoting TEX. R. APP. P. 30).

The requirements of a restricted appeal, including the lack of a timely filed post-judgment motion, are jurisdictional, and failure to meet the requirements deprives a party of a restricted appeal. *See Lewis v. Aguirre*, No. 01-17-00063-CV, 2018 WL 4868668, at *2 (Tex. App.—Houston [1st Dist.] Oct. 9, 2018, no pet.) (mem. op.) (noting requirements of restricted appeal are jurisdictional and cut off party's right to seek relief by way of restricted appeal if they are not met) (citing *Cox v. Cox*, 298 S.W.3d 726, 730 (Tex. App.—Austin 2009, no pet.)).

## Conclusion

We dismiss this appeal for want of jurisdiction.


Veronica Rivas-Molloy
Justice

Panel consists of Justices Countiss, Rivas-Molloy, and Guerra.