

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00477-CV

**IN THE INTEREST OF S.D.H., L.D.H., AND C.D.H.**, Children

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-16721
Honorable Nadine Melissa Nieto, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: October 30, 2024

DISMISSED FOR LACK OF JURISDICTION

On July 15, 2024, appellant filed a notice of restricted appeal challenging a November 15, 2023 protective order. To prevail in a restricted appeal, the appealing party must show: (1) he filed his notice of restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the challenged judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The Texas Supreme Court has held that the first three requirements of a restricted appeal are jurisdictional. *Ex parte E.H.*, 602 S.W.3d 486, 496–97 (Tex. 2020).

The clerk's record shows appellant timely filed both a request for findings of fact and conclusions of law on December 4, 2023, and a motion for new trial on December 7, 2023. The record further shows that appellant did not file his notice of restricted appeal within six months from the date the protective order was signed on November 15, 2023.

On August 14, 2024, we issued an order stating the record showed we did not have jurisdiction over this appeal, and we ordered appellant to show cause no later than August 29, 2024, why this appeal should not be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 30; *Ex parte E.H.*, 602 S.W.3d at 496–97. Without requesting an extension to file a late response, appellant filed his response on September 4, 2024. Appellant acknowledged he timely filed his request for findings of fact and conclusions of law on December 4, 2023, and his motion for new trial on December 7, 2023. Appellant also did not dispute he did not file his notice of restricted appeal within six months from the date the protective order was signed on November 15, 2023.

Because appellant does not dispute the jurisdictional requirements barring him from filing a restricted appeal, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 30; *Ex parte E.H.*, 602 S.W.3d at 496–97.

PER CURIAM