

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00393-CV

---

3001 KENDALE DRIVE, LLC D/B/A PECAN TREE APARTMENTS, APPELLANT

V.

NEED IT NOW PLUMBING, INC., APPELLEE

---

On Appeal from the County Court at Law No. 2
Tarrant County, Texas [1]
Trial Court No. 2024-000565-2, Honorable Jennifer A. Rymell, Presiding

---

February 5, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

In this restricted appeal, 3001 Kendale Drive, LLC d/b/a Pecan Tree Apartments ("Pecan Tree") challenges a default judgment entered in favor of appellee Need it Now Plumbing, Inc. ("NINP"). Pending before the Court is the parties' "Joint Motion to Render Judgment" filed January 16, 2025. By their motion, the parties agree "that the default

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

judgment of the trial court should be reversed and the matter remanded to the trial court for a new trial." Because we conclude the record before us establishes that Pecan Tree is entitled to prevail on restricted appeal, we grant the parties' motion in part, reverse the trial court's default judgment, and remand for further proceedings.

## BACKGROUND

In February of 2024, NINP filed suit against multiple parties asserting various claims. NINP served the citation on Pecan Tree via a process server, who filed the return of service. The return of service does not include the address served. Pecan Tree did not file an answer, and the trial court signed a default judgment in NINP's favor. Pecan Tree then brought this restricted appeal.

## ANALYSIS

A restricted appeal is a procedural device available to a party that did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against the party. *See* TEX. R. APP. P. 30. An appellant may prevail in a restricted appeal only if: (1) a notice of restricted appeal was filed within six months after the judgment was signed; (2) appellant was a party to the underlying lawsuit who did not participate in the hearing that resulted in the judgment; (3) appellant did not timely file a post-judgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under Rule 26.1(a) of the Texas Rules of Appellate Procedure; and (4) error is apparent from the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

2

The parties agree that Pecan Tree filed its notice of restricted appeal within six months after the trial court signed the default judgment and that Pecan Tree was a party to the suit below. The record further shows that Pecan Tree did not participate in the hearing that resulted in the default judgment and did not file any post-judgment motions or requests for findings of fact and conclusions of law.

After reviewing the record, we conclude the return of service in this case is invalid under Rule 107(b)(6) because it does not include the address where Pecan Tree's registered agent was served. *See* Tex. R. Civ. P. 107(b)(6). Because the return of service lacks the address at which Pecan Tree was allegedly served with process, service is invalid and error is apparent on the face of the record. *See Alexander*, 134 S.W.3d at 848. Given the absence of valid service, the trial court did not acquire personal jurisdiction over Pecan Tree, rendering the default judgment void. *See In re L.R.M.*, No. 04-17-00503-CV, 2018 Tex. App. LEXIS 4690, at *6 (Tex. App.—San Antonio June 27, 2018, no pet.) (mem. op.).

## CONCLUSION

Pursuant to the parties' motion, we reverse the default judgment and remand to the trial court for further proceedings in accordance with the parties' agreement. However, we decline the parties' request to "render judgment." *See* Tex. R. App. P. 43.3(a). All costs incurred in this appeal are taxed against the party incurring same.

Judy C. Parker
Justice

3