

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00305-CV

**CONNECTED SOLAR, LLC** dba Connected Energy dba Connected Solar, and dba Connected Roofing, Robert Alan Bailey aka Robert Alan Bailey, Jr.,
Appellants

v.

John **MULLINS** and Janice Mullins,
Appellees

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CI-17193
Honorable Tina Torres, Judge Presiding

PER CURIAM

Sitting:      Lori I. Valenzuela, Justice
              Lori Massey Brissette, Justice
              Adrian A. Spears II, Justice

Delivered and Filed: July 2, 2025

REVERSED AND REMANDED

On May 13, 2025, appellants filed a notice of restricted appeal from a December 19, 2024 default judgment. To prevail in a restricted appeal, an appellant "must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact

and conclusions of law; and (4) error is apparent on the face of the record." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also* TEX. R. APP. P. 30.

Here, all four elements are undisputed. The clerk's record shows that appellants timely filed their notice of restricted appeal; they were parties to the underlying lawsuit; they did not participate, either in person or through counsel, in the hearing that resulted in the challenged judgment; and they did not timely file any postjudgment motions or requests for findings of fact and conclusions of law. Additionally, the parties agree that there is error apparent on the face of the record because appellants were not properly served. Accordingly, we reverse the December 19, 2024 default judgment and remand this matter to the trial court for further proceedings.

PER CURIAM