**In the Interest of BABY GIRL S., a Child, Appellant.**

**No. 05–10–01278–CV.**

Court of Appeals of Texas, Dallas.

Nov. 30, 2011.

---

Jim Dunnam, Dunnam & Dunnam, L.L.P., Waco, for Appellant.

Tomekia Lakiesha Lee–Chaney, The Carlson Law Firm, P.C., Damon L. Reed, Reyna & Reed LLP, Alyson Moani Keale Shetter, Waco, David C. Cole, Law Office of David C. Cole, P.C., Georganna L. Simpson, Simpson Martin, LLP, Jeremy C. Martin, Malouf & Nockels, LLP, Dallas, for Appellee.

Before Justices BRIDGES, LANG, and FILLMORE.

## OPINION

Opinion By Justice BRIDGES.

Jesse Cole appeals the trial court's denial of his petition in intervention in the underlying termination of parental rights proceeding. In a single issue, Cole argues the underlying termination suit "violates Texas and Federal principles of procedural due process and the Texas rules of strict compliance that apply when adjudicating absent parties rights." We dismiss this appeal for want of jurisdiction.

The child that was the subject of the underlying suit was born on March 5, 2010. The child's mother, A.S., executed an affidavit of relinquishment of her parental rights on March 7, 2010. Generations Adoptions, the adoption agency engaged in seeking an adoptive home for the child, filed a petition for termination of A.S.'s parental rights on March 10, 2010. The petition recited that the child had no presumed father, the biological father had failed to file a notice of intent to claim paternity before the thirty-first day after the child's date of birth, and termination of any parent-child relationship between the child and the biological father was in the child's best interests.

On April 9, 2010, the trial court entered a decree terminating the parent-child relationship between the child and A.S. and the biological father. The decree contained, among other things, the court's finding that no man had registered with the Texas Paternity Registry pursuant to chapter 160, subchapter D of the Texas Family Code. On October 8, 2010, Cole filed a notice of restricted appeal. That same day, Cole also filed a petition in intervention and motion for new trial seeking to intervene in the termination proceedings, obtain a new trial, and set aside the termination of his parental rights. The trial court subsequently denied Cole's petition in intervention and motion for new trial.

In a single issue, Cole argues the trial court's judgment is void because it was entered without notice to Cole, "a known father," and it failed to satisfy principles of strict compliance. Specifically, Cole argues this case involves adjudication of the rights of an absent party and therefore implicates the same concerns that give rise to the strict compliance rules in the default judgment context. Similarly, Cole argues, the parent-child relationship is a constitutionally protected interest entitling a parent to due process under both the state and federal constitutions. Because the underlying proceeding was commenced at a time when Cole did not have an opportunity to develop a relationship with the child and did not participate in the termination

proceeding, he argues the termination of his parental rights violated Texas and federal due process and Texas rules of strict compliance.

 To prevail on a restricted appeal, Cole must establish: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). These requirements are jurisdictional and will cut off a party's right to seek relief by way of restricted appeal if they are not met. *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex.App.-Fort Worth 2001, pet. denied). Here, Cole was not a party to the underlying suit and made his first appearance in the underlying case on October 8, 2010, six months after the trial court signed its termination decree. Under these circumstances, we conclude we lack jurisdiction over this restricted appeal. *See Alexander*, 134 S.W.3d at 848; *Clopton*, 66 S.W.3d at 515.

We dismiss this appeal for want of jurisdiction.