Dismissed and Opinion Filed this 8th day of February, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

No. 05-12-00449-CV

---

**VINCENT WHITEHEAD, Appellant**
**V.**
**BULLDOG BATTERY CORPORATION, Appellee**

---

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-04037-2011**

---

# OPINION
Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

This case involves a suit to enforce a foreign judgment. Vincent Whitehead appeals from a district court judgment giving full faith and credit to an Indiana judgment filed in Texas pursuant to the Uniform Enforcement of Foreign Judgments Act. We dismiss this appeal for want of jurisdiction.

*Background*

In 2008, Bulldog Battery Corporation ("Bulldog") filed suit against Vincent Whitehead ("Whitehead") and others in the Wabash Superior Court in Wabash County, Indiana. After Whitehead was served with process and without the aid of counsel, Whitehead wrote a letter to the Wabash Superior Court requesting the court dismiss the action against him due to a lack of personal jurisdiction. The Indiana court filed the letter and declared Whitehead filed a "general

denial" with the court. Bulldog filed a Request for Admissions from Whitehead which Whitehead failed to answer. The Indiana court, claiming Whitehead failed to comply with Indiana Trial Rule 36, deemed the unanswered Request for Admissions as admitted. The Indiana trial court held a bench trial, at which Whitehead failed to appear, and found Whitehead liable to Bulldog for damages, attorney fees, and pre-judgment interest.

On September 22, 2011, Bulldog filed the Indiana judgment against Whitehead in a district court in Collin County, Texas pursuant to the Uniform Enforcement of Foreign Judgments Act ("UEFJA"). Whitehead then filed a Motion to Vacate Because of Improper Filing and a Motion to Quash claiming the judgment was not entitled to full faith and credit in Texas because it was not properly authenticated. The trial court held a hearing on January 6, 2012 at which Bulldog and Whitehead were represented by counsel. After the hearing and allowing both parties to submit letter briefs, the trial court denied Whitehead's Motion to Vacate/Motion to Quash on February 7, 2012. On April 4, 2012, Whitehead filed his Notice of Restricted Appeal with the trial court, and, on April 6, 2012, filed his Motion to Extend Time to File Notice of Restricted Appeal with this Court. We granted Whitehead's motion to extend.

*Analysis*

To prevail on a restricted appeal, Whitehead must establish (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *In re Baby Girl S.*, 353 S.W.3d 589, 591 (Tex. App.—Dallas 2011, no pet.). These requirements are jurisdictional and will cut off a party's right to seek relief by way of restricted appeal if they are not met. *In re Baby Girl S.*, 353 S.W.3d at 591. In this case, Whitehead is complaining about the Texas trial court's order denying his

Motion to Vacate and Motion to Quash. Whitehead fully participated in the hearing that resulted in the court's denial of his Motion which disqualifies his entitlement to a restricted appeal. The hearing in which Whitehead failed to participate was the hearing held in Indiana. Under these circumstances, we conclude we lack jurisdiction over this restricted appeal. *See Clopton v. Pak,* 66 S.W.3d 513, 516 (Tex. App.—Fort Worth 2001, pet. denied) (finding appellants participated in the decision-making events that resulted in the dismissal order).

Even if we treat this restricted appeal as an appeal from the trial court's order denying Whitehead's Motion to Vacate and Motion to Quash, we would reach the same conclusion. The notice of appeal must be filed within 30 days after the judgment is signed. TEX. R. APP. P. 26.1. When a judgment creditor proceeds under the UEFJA, the filing of the foreign judgment comprises both the plaintiff's original petition and a final judgment. *Walnut Equip. Leasing Co. v. Wu,* 920 S.W.2d 285, 286 (Tex. 1996). The judgment in this case was entered in Texas on September 22, 2011 and the trial court's order denying the Motion to Vacate and Motion to Quash was signed on February 7, 2012. Whitehead filed his Notice of Restricted Appeal on April 4, 2012. We conclude Whitehead failed to timely file this notice of appeal and we dismiss this case for lack of jurisdiction.

*Conclusion*

Because Whitehead participated in the proceedings below, he is not entitled to a restricted appeal. And because the Indiana judgment filed in Texas on September 22, 2011, became a final appealable judgment on that date, Whitehead's notice of appeal was not timely. Accordingly, we dismiss this appeal for want of jurisdiction.

DAVID LEWIS
JUSTICE

120449F.P05

-3-



# Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

Vincent Whitehead, Appellant

No. 05-12-00449-CV    V.

Bulldog Battery Corporation, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-04037-2011.
Opinion delivered by Justice Lewis.
Justices Lang-Miers and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee Bulldog Battery Corporation recover his costs of this appeal from appellant Vincent Whitehead.

Judgment entered this 8th day of February, 2013.

DAVID LEWIS
JUSTICE