**DISMISS; and Opinion Filed February 9, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-16-01490-CV
_____

### IN THE INTEREST OF C.R.G., A CHILD

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-04900**

## MEMORANDUM OPINION
Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

In this restricted appeal, Nicholas Vargas IV appeals the trial court's order terminating the parental rights of a child's unknown father. Because Vargas has not established the jurisdictional requirements for a restricted appeal, we dismiss his appeal for want of jurisdiction.

The child at issue, C.R.G., was born on November 16, 2015. On February 29, 2016, when C.R.G. was three months old, his mother, E.A.G., filed a petition to terminate the parent-child relationship between C.R.G. and his father under section 161.002 of the family code. The petition alleged that C.R.G. had no presumed father and that his alleged father was unknown. Section 161.002(b)(3) provides that the rights of an alleged father may be terminated if the child is under one year of age at the time the petition for termination is filed and the father has not registered with the paternity registry under chapter 160.[1] TEX. FAM. CODE ANN. § 161.002(b)(3)

---

[1] The family code defines "alleged father" as a man who alleges himself to be, or is alleged to be, the genetic father or a possible genetic father of a child, but whose paternity has not been determined. TEX. FAM. CODE ANN. § 101.0015(a) (West 2014).

(West Supp. 2016). An alleged father who files a notice of his intent to claim paternity no later than thirty-one days after the child's birth is entitled to be notified of a proceeding for adoption or termination of parental rights. *Id.* § 160.403 (West 2014). When no notice of intent has been filed with the paternity registry, however, the termination of parental rights under section 161.002(b) does not require personal service of citation or citation by publication on the alleged father and there is no requirement to identify or locate an alleged father. *Id.* § 161.002(c-1) (West Supp. 2016). To her termination petition, E.A.G. attached a certificate from the Texas Department of State Health Services certifying that no man had given notice of his intent to claim paternity of C.R.G. The certificate was dated February 29, 2016.

On May 6, 2016, the trial court signed an order of termination. In the order, the court made various findings, including finding by clear and convincing evidence that no alleged father exists, no alleged father has registered with the paternity registry, and termination of the parent-child relationship between the alleged father and C.R.G. is in the best interest of the child. The court ordered that the parent-child relationship, if any exists or could exist, between "Unknown" and C.R.G. is terminated.

Almost six months later, on October 28, 2016, Vargas filed a motion for new trial. He asserted that he is C.R.G.'s father and that E.A.G. knew he was the father and falsely represented to the court that the identity of C.R.G.'s father was unknown. In response, E.A.G. filed a plea to the jurisdiction and motion to strike, asserting that the trial court had lost its plenary power and had no jurisdiction to hear the motion for new trial. The trial court granted E.A.G.'s motion.

On the same day he filed his motion for new trial, Vargas filed a notice of appeal from the order of termination. An appeal in a parental termination case is governed by the rules for accelerated appeals, and the notice of appeal must be filed within twenty days after the termination order is signed, absent a timely motion to extend. TEX. R. APP. P. 26.1(c), 28.4(a).

This Court questioned whether Vargas's notice of appeal was timely, having been filed almost six months after the termination order was signed. We asked Vargas to file a letter brief explaining how we had jurisdiction over his appeal. In his letter brief, Vargas asserts that he is essentially bringing a restricted appeal of a default judgment as he had no notice of the termination proceeding. He asserts his notice of appeal was timely filed within six months after the order was signed. *See id.* 26.1(c). In response, E.A.G. maintains the appeal should be dismissed for lack of jurisdiction because Vargas has not met the requirements for a restricted appeal.

To be entitled to pursue a restricted appeal, an appellant must establish: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate either in person or through counsel in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 30; *In re Baby Girl S.*, 353 S.W.3d 589, 591 (Tex. App.—Dallas 2011, no pet.). These requirements are jurisdictional and will cut off a party's right to seek relief by way of restricted appeal if they are not met. *Baby Girl S.*, 353 S.W.3d at 591. Further, evidence not before the trial court prior to final judgment is beyond the scope of review in a restricted appeal and may not be considered. *Diaz v. Multi Serv. Tech. Sols. Corp.*, No. 05-14-00032-CV, 2014 WL 5768714, at *2 (Tex. App.—Dallas Nov. 6, 2014, no pet.) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d, 845, 848–49 (Tex. 2004)).

E.A.G. contends Vargas has not met the requirements because he was not a party to the suit for termination. This exact issue was before the Court in the case of *Baby Girl S.* In that case, the mother of a child less than one year old relinquished her parental rights to the child. *Baby Girl S.*, 353 S.W.3d at 590. An adoption agency then filed a petition to terminate her

parental rights in which it also alleged the child had no presumed father and that no one had filed a notice of intent to claim paternity before the thirty-first day after the child's birth. The trial court terminated the parental rights of the mother and the biological father. *Id.* Almost six months later, Mr. Cole filed a petition in intervention and motion for new trial seeking to set aside the termination of his parental rights. The trial court denied the petition in intervention and motion for new trial. Cole brought a restricted appeal, arguing that the trial court's judgment was void because he was the known father and did not have notice of the termination proceeding. *Id.* at 590–91. We concluded Cole had not met the requirements of a restricted appeal because he was not a party to the underlying suit and made his first appearance in the case six months after the court signed its termination decree. *Id.* at 591. Accordingly, we dismissed the case for want of jurisdiction. *Id.*

Similarly, in this case, nothing on the face of the record shows Vargas was a party to the termination suit. Vargas contends he was a party because he is in the class of alleged fathers E.A.G. sought to terminate. But nothing in the record before the trial court at the time of the termination order reflects that Vargas was even in the class of alleged fathers. His name does not appear in the record until he filed his motion for new trial.

Vargas also contends he is a party under the doctrine of virtual representation. To benefit from this doctrine, the prospective appellant must show that (a) he is bound by the judgment; (2) his privity of estate, title, or interest appears from the record; and (3) there is an identity of interest between the appellant and a party to the judgment. *State v. Naylor*, 466 S.W.3d 783, 789 (Tex. 2015). The doctrine does not apply here as no one purported to represent Vargas's interest in the trial court. *See Gunn v. Cavanaugh*, 391 S.W.2d 723, 725 (Tex. 1965) (biological father who was not a named party to adoption proceedings could not appeal by way of writ of error, the predecessor to restricted appeals, under doctrine of virtual representation as no one represented

his interest in the proceedings).  Vargas maintains that it is inconsistent to claim that his parental rights were terminated by an order and to also claim that he has no legal interest in appealing that order.  But to challenge the termination order by a restricted appeal, Vargas must have been a party to the termination suit and he was not.  As in *Baby Girl S.*, because Vargas was not a party, he may not seek relief by way of a restricted appeal.[2]  *See Baby Girl S.*, 353 S.W.3d at 591; *see also Gunn*, 391 S.W.2d at 726.

We dismiss this appeal for want of jurisdiction.


/Ada Brown/
_____
ADA BROWN
JUSTICE


161490F.P05

---

[2] We note that under the family code the validity of an order terminating parental rights based on section 161.002(b) is not subject to either collateral or direct attack after the sixth month after the date the order was signed.  TEX. FAM. CODE ANN. § 161.211(a) (West 2014).  If the facts are as Vargas alleges them to be, the application of this provision in this case is particularly harsh.  But this does not change the fact that we are without jurisdiction over this restricted appeal.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF C.R.G., A CHILD

No. 05-16-01490-CV

On Appeal from the 256th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-16-04900.
Opinion delivered by Justice Brown, Justices Lang and Whitehill participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee recover her costs of this appeal from appellant Nicholas Vargas IV.

Judgment entered this 9th day of February, 2017.