# NO. 12-17-00225-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF J.D.L.,* | § | *APPEAL FROM THE 369TH* |
| *A CHILD* | § | *JUDICIAL DISTRICT COURT* |
| | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jeremy Dean Laymance, pro se, appeals the trial court's order in a suit affecting the parent-child relationship. On appeal, he presents seven issues. We affirm.

## BACKGROUND

Jeremy Laymance and Morgan Mosley are the parents of J.D.L. On February 14, 2017, John Van Compernolle and Sharon Van Compernolle, maternal great-grandparents of J.D.L., filed a first amended original petition in suit affecting the parent-child relationship, alleging that the parents have engaged in a history or pattern of child neglect and drug abuse. John and Sharon requested that they be appointed sole managing conservators of the child and requested that the trial court issue a temporary restraining order against the parents. On February 15, 2017, the trial court issued a temporary restraining order, and an order setting a hearing on the temporary orders. Twelve days later, the trial court ordered that the temporary restraining order be extended, and extended the date of the hearing on the temporary orders. On March 3, 2017, the trial court held a hearing on John and Sharon's application for temporary orders. The trial court found that Jeremy "although duly and properly notified, did not appear and wholly made default." The trial court ordered that John and Sharon be appointed temporary sole managing conservators, and that Jeremy be appointed temporary possessory conservator of the child. However, the trial court found that credible evidence was presented that Jeremy and Morgan had a history or pattern of family violence, abuse, and/or neglect. The trial court ordered that Jeremy

and Morgan have no possession of, or contact with, the child until further order of the court. The trial court also issued a temporary injunction against Jeremy and Morgan.

According to Jeremy's brief, he and Morgan were served a copy of John and Sharon's petition on March 15, 2017 while in the White County Detention Center in the State of Arkansas. The record shows that Jeremy and Morgan were arrested and charged with interference with child custody on March 3, 2017. Jeremy and Morgan filed an answer to John and Sharon's petition on March 21, 2017, requesting that they be appointed sole managing conservators of the child.

Jeremy filed several pleadings in June 2017, including a motion to set the petition for hearing, a motion to amend pleadings, interrogatories, a request for production, and a motion for joinder of parties. On June 29, 2017, the trial court entered the final order in suit affecting the parent-child relationship. The trial court found that Jeremy and Morgan made a general appearance and were duly notified of trial, but failed to appear and defaulted. The trial court appointed John and Sharon as sole managing conservators, and Jeremy and Morgan as possessory conservators of the child. The trial court also granted Jeremy and Morgan visitation under John and Sharon's supervision on the days and times prescribed by them, and ordered Jeremy and Morgan to pay child support.

After the final order was signed, Jeremy filed several motions including two motions to compel discovery and a motion for summary judgment. Jeremy filed a timely notice of appeal.

## TEMPORARY ORDERS

In his third and fourth issues, Jeremy argues the trial court erred by issuing a temporary restraining order without notice, extending the temporary restraining order without notice, and issuing temporary orders, including a temporary injunction, without notice or personal service. It is well-settled that a temporary order is superseded by entry of a final order, rendering moot any complaint about the temporary order. *See **In re A.K.***, 487 S.W.3d 679, 683 (Tex. App.–San Antonio 2016, no pet.); ***Erlewine v. Erlewine***, No. 03-06-00308-CV, 2007 WL 2462042, at *2 (Tex. App.–Austin Aug. 29, 2007, no pet.) (mem. op.) (concluding temporary order modifying child support was no longer in effect when superseded by final judgment and complaint about modification was moot); *see also **Wright v. Wentzel***, 749 S.W.2d 228, 234 (Tex. App.–Houston [1st Dist.] 1988, no writ). In other words, after the trial court enters its final order, any

complaints about temporary orders become moot. *Mauldin v. Clements*, 428 S.W.3d 247, 262 (Tex. App.–Houston [1st Dist.] 2014, no pet.).

Here, the record shows that the trial court issued a temporary restraining order on February 15, 2017, extended the temporary restraining order, and issued temporary orders, including a temporary injunction, on March 3, 2017. However, the trial court entered the final order in suit affecting the parent-child relationship on June 29, 2017. That order appointed John and Sharon as sole managing conservators, and Jeremy and Morgan as possessory conservators of the child. Because the trial court rendered a final order in the suit affecting the parent-child relationship, Jeremy's complaints about the temporary orders are moot and not subject to review on appeal. *See In re A.K.*, 487 S.W.3d at 683; *see also Wright*, 749 S.W.2d at 234; *L.F. v. Dep't of Family & Protective Servs.*, Nos. 01-10-01148-CV, 01-10-01149-CV, 2012 WL 1564547, at *14 (Tex. App.—Houston [1st Dist.] May 3, 2012, pet. denied) (mem. op.) (declining to consider temporary orders authorizing emergency removal after final order of termination entered). We overrule Jeremy's third and fourth issues.

## SERVICE

In his sixth issue, Jeremy contends that the final order affecting the parent-child relationship was null and void because he did not receive proper service of citation and the officer's return was not filed with the clerk. However, Jeremy admitted in his brief that he was served with citation on March 15, 2017 while in the White County Detention Center in the State of Arkansas. He also stated that he received a copy of John and Sharon's petition. Moreover, he filed an answer to John and Sharon's petition on March 21, 2017. Jeremy's answer constituted a general appearance in the underlying suit which renders his argument of defective service of process moot. *See* TEX. R. CIV. P. 121 ("[a]n answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him"); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 589 (Tex. App.—Corpus Christi 1994, no pet.). We overrule Jeremy's sixth issue.

## INADEQUATELY BRIEFED ISSUES

In his first and second issues, Jeremy questions the "legality" of removing and retaining J.D.L. from his parents without a court order or warrant, and releasing J.D.L. to a non-parent

3

without a court order granting or terminating conservatorship from parent to non-parent. In his fifth issue, Jeremy questions issuing a criminal warrant for interference with child custody for violating the terms of a court order because he was not given actual notice or personal service of those orders.

**Applicable Law**

Rule 38.1 of the Texas Rules of Appellate Procedure sets forth what must be included in an appellant's brief. *See* TEX. R. APP. P. 38.1. Rule 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The appellate court has no duty to brief issues for an appellant. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.–Dallas 2006, no pet.). The failure to provide appropriate record citations or a substantive analysis waives an appellate issue. *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.–Houston [14th Dist.] 2005, pet. denied) (holding that failure to offer argument, citations to record, or citations to authority waives issue on appeal); *Med. Specialist Grp., P.A. v. Radiology Assocs., L.L.P.*, 171 S.W.3d 727, 732 (Tex. App.–Corpus Christi 2005, pet. denied) (same); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (holding appellate court has discretion to deem issues waived due to inadequate briefing). References to sweeping statements of general law are rarely appropriate. *Bolling v. Farmers Branch Ind. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.–Dallas 2010, no pet.). Appellate courts must construe briefing requirements reasonably and liberally, but a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support its contentions. *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.–Houston [14th Dist.] 2005, no pet.).

An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.–El Paso 2007, no pet.). Were we to do so, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Id.*

**Analysis**

Here, Jeremy presents a brief conclusory argument for his first, second, and fifth issues in his brief. His entire argument for all of his issues consists of one paragraph and does not specifically allude to, or mention, these three issues. He does not provide any citations to the

record, any substantive legal analysis, or any citations to authority in support of these complaints. Jeremy does not refer to, or provide any, legal authority or analysis to support these claims, specifically regarding the legality of the removal or retention of J.D.L., releasing J.D.L. to a non-parent, or issuing a criminal warrant without notice of court orders. *See Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.–El Paso 2006, no pet.) (stating that "merely uttering brief conclusory statements" is not a discussion of the facts and authorities relied upon contemplated by Rule 38). In the absence of any legal analysis, citations to the record, and citations to appropriate authorities, Jeremy presents nothing for our review regarding his first, second, and fifth issues. *See WorldPeace*, 183 S.W.3d at 460; *Med. Specialist Grp.*, 171 S.W.3d at 732.

Moreover, documents attached to a brief as an exhibit or appendix, but not appearing in the record, cannot be considered by the appellate court for any purpose other than determining its own jurisdiction. *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (orig. proceeding) (per curiam); *Warriner v. Warriner*, 394 S.W.3d 240, 254 (Tex. App.– El Paso 2012, no pet.). Therefore, we cannot consider the exhibits attached to Jeremy's brief that do not appear in the record and which he refers to regarding these issues. Accordingly, we overrule Jeremy's first, second, and fifth issues.

## RESTRICTED APPEAL

In his seventh issue, Jeremy appears to contend that he is entitled to a restricted appeal regarding the order in suit affecting the parent-child relationship because it was a default order and he was not properly served. We must determine if Jeremy is entitled to a restricted appeal.

### Applicable Law

To prevail on his restricted appeal, Jeremy must establish that (1) he filed notice of the restricted appeal within six months after the judgment was signed, (2) he was a party to the underlying lawsuit, (3) he did not participate either in person or through counsel in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *In re Baby Girl S.*, 353 S.W.3d 589, 591 (Tex. App.—Dallas 2011, no pet.). Each element of a restricted appeal is mandatory and jurisdictional. *Ibarra v. City of Laredo*, Nos. 04-

11-00035-CV, 04-11-00037-CV, 2012 WL 3025709, *4 (Tex. App.—San Antonio July 25, 2012, pet. denied) (mem. op.) (citing *Serna v. Webster*, 908 S.W.2d 487, 491 (Tex. App.—San Antonio 1995, no writ)).

The face of the record for purposes of a restricted appeal consists of all the papers on file before the judgment as well as the reporter's record. *Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 670 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Lewis v. Ramirez*, 49 S.W.3d 561, 564 (Tex. App.—Corpus Christi 2001, no pet.). Further, evidence not before the trial court prior to final judgment is beyond the scope of review in a restricted appeal and may not be considered. *Diaz v. Multi Serv. Tech. Sols. Corp.*, No. 05-14-00032-CV, 2014 WL 5768714, at *2 (Tex. App.—Dallas Nov. 6, 2014, no pet.) (mem. op.) (citing *Alexander*, 134 S.W.3d at 848–49).

## Analysis

To be entitled to pursue a restricted appeal, Jeremy must first establish that he filed a notice of the restricted appeal within six months after the judgment was signed. *See* TEX. R. APP. P. 26.1(c). The judgment at issue is the order in suit affecting the parent-child relationship signed on June 29, 2017. Jeremy filed his notice of appeal on July 18, 2016, within the six month time limit. *See id.* Next, Jeremy must show that he was a party to the underlying lawsuit. The record shows that he was named as the father and respondent in the suit affecting the parent-child relationship. Thus, he has also established the second prong of a restricted appeal. *See Alexander*, 134 S.W.3d at 848.

In the third prong of a restricted appeal, Jeremy must establish that he did not participate either in person or through counsel in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law. *See id.* In the final order, the trial court found that Jeremy "made a general appearance and was duly notified of trial but failed to appear and defaulted." Thus, it appears from the face of the record that Jeremy did not participate in person or through counsel in the hearing that resulted in the final order.

Jeremy did not address in his brief whether he timely filed any postjudgment motions or requests for findings of fact and conclusions of law. The record shows that he filed several motions after the final hearing, including two motions to compel discovery and a motion for summary judgment. His motion for summary judgment alleges that (1) another "petition" was

6

filed before the petition in this suit, (2) Sharon claimed in the affidavit to the petition that a district court ordered the legal guardian of J.D.L. to remove him from his parents, (3) the March 3, 2017 temporary order contradicted Sharon's affidavit, (4) the petition was served on Jeremy after he had been arrested and detained, (5) John and Sharon failed to answer or object to discovery and produce evidence supporting their claims, (6) he and Morgan were entitled to judgment because John and Sharon did not have sufficient standing to bring the petition, and (7) there was no genuine dispute to support the petition. Jeremy also requested the trial court to dismiss the petition for failing to state a claim. Because we construe this filing as a motion for new trial, we conclude that Jeremy timely filed a postjudgment motion. *See In re Piatt Servs. Int'l, Inc.*, 493 S.W.3d 276, 282 (Tex. App.—Austin 2016, orig. proceeding) (stating that motion for new trial seeks relief from judgment already formed). Thus, we find that Jeremy did not establish the third prong of a restricted appeal. *See Alexander*, 134 S.W.3d at 848.

In the final prong of a restricted appeal, Jeremy must establish that error is apparent on the face of the record. *See id.* The issues presented in his brief concern temporary orders, ordering the removal and retention of a minor child, releasing a minor child to a non-parent without a court order granting conservatorship to the non-parent, issuance of a criminal warrant for violating court orders without notice or service of those orders, and entering a judgment without proper service. None of these arguments establish error on the face of the record. *See id.*; *see also Diaz*, 2014 WL 5768714, at *2. Because Jeremy did not satisfy all four of the requirements necessary to obtain relief through a restricted appeal of the final order, we overrule Jeremy's seventh issue.

### DISPOSITION

Having overruled all of Jeremy's issues, we *affirm* the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered December 21, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2017**

**NO. 12-17-00225-CV**

**IN THE INTEREST OF J. D. L., A CHILD**

Appeal from the 369th District Court
of Anderson County, Texas (Tr.Ct.No. DCCV17-070-369)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **JEREMY DEAN LAYMANCE**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*