# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00035-CV

### Daulton Point, LLC and Michael Moore, Appellants

### v.

### Virginia Schoggins and Damon Schoggins, Appellees

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 17-0806-C368, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING

## MEMORANDUM OPINION

On January 18, 2018, appellants Daulton Point, LLC and Michael Moore filed a notice of appeal from a final judgment signed by the trial court on September 19, 2017. Appellants filed a motion for new trial on October 6, 2017, within the 30 days permitted, making the notice of appeal due to be filed on or before December 18, 2017. *See* Tex. R. App. P. 26.1(a)(1) (allowing notice of appeal to be filed 90 days after the judgment is signed if party files motion for new trial). It was not filed until 121 days after the judgment was signed.

Accordingly, the notice of appeal was filed after the expiration of both appellants' 90-day deadline to do so (December 18, 2017) and the extension period (January 2, 2018). *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997) ("[O]nce the period for granting a motion for extension of time under Rule 41(a)(2) [now Rule 26.3] has passed, a party can no longer invoke the appellate court's jurisdiction.").

Although the notice of appeal states that appellants "invoke the jurisdiction of the Court of Appeals per Texas Rules of Appellate Procedure 30," Rule 30 provides that that only

"[a] party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and *who did not timely file a postjudgment motion* or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c)." (Emphasis added.) *See, e.g.*, *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also In re C.D.P.*, No. 14-16-00334-CV, 2017 WL 2451948, at *1 (Tex. App.—Houston [14th Dist.] June 6, 2017, no pet.) (dismissing restricted appeal for want of jurisdiction because appellant timely filed a motion for new trial and appellant's notice of appeal was not timely as a notice of regular appeal). Appellants' January 18, 2018 notice of appeal is thus untimely, and we lack jurisdiction over this appeal. *See* Tex. R. App. P. 25.1(b) (providing that filing notice of appeal invokes appellate court's jurisdiction), *id.* R. 2 (establishing that appellate court may not alter time for perfecting appeal in civil case).

Upon review of the trial-court clerk's record, the Clerk of this Court sent appellant a letter informing them that the Court appears to lack jurisdiction over the appeal for the reasons stated above and requesting a response informing us of any basis that exists for jurisdiction. The notice further advised appellant that their failure to comply with this request could result in the dismissal of the appeal. To date, no response has been filed. Accordingly, we dismiss the appeal for want of jurisdiction. *See id.* R. 42.3(a).

_____
Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Dismissed for Want of Jurisdiction

Filed: June 26, 2018

2