**Opinion filed March 29, 2019**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-17-00148-CV

_____

## JAMES R. MCALISTER AND CONNIE FAYE MCALISTER, Appellants

## V.

## FRANK GRABS, JR. AND WIFE DELORES GRABS, Appellees

**On Appeal from the 259th District Court**
**Shackelford County, Texas**
**Trial Court Cause No. 2016-014**

### M E M O R A N D U M   O P I N I O N

After the trial court entered "death penalty" discovery sanctions in this case, it entered a default judgment against James R. McAlister and Connie Faye McAlister. This is an appeal from an earlier sanctions order and from the subsequent death penalty sanctions and default judgment. We reverse and remand.

When Appellants failed to convey certain real property to Frank Grabs, Jr. and Delores Grabs, Appellees, as provided in a written contract, Appellees sued

Appellants for specific performance or, in the alternative, for damages; they also sued for damages related to the loss of certain personal property. Appellants hired an attorney, and the attorney filed a general denial on behalf of Appellants.

After Appellants had filed their general denial, Appellees served Appellants' attorney with Plantiff's First Requests for Production. Appellants did not respond to the request, and Appellees filed a motion for sanctions. Appellants' attorney was noticed of the date set for a hearing on the motion for sanctions; neither Appellants nor their attorney appeared at the hearing.

After the hearing on that motion for sanctions, the trial court ordered Appellants to respond to the discovery requests within a certain time. The trial court also awarded Appellees $2,500 in attorney's fees for services rendered in connection with the motion to compel.

Appellants did not respond as ordered by the trial court, and although it does not appear in the record, Appellees apparently filed another motion for sanctions. In any event, a second hearing regarding discovery sanctions was held on September 21, 2016. Once again, neither Appellants nor their attorney appeared for the hearing.

In an "Order on Plaintiffs' Motion for Sanctions," signed by the trial court on October 3, 2016, the trial court struck Appellants' general denial and "awarded judgment by default in [the] cause of action." The trial court set the date for a hearing on the issue of damages.

The next day, October 4, 2016, the trial court signed another order that arose from the same September hearing; the order was entitled "Default Judgment and Order Setting Hearing on Damages." In this order, the trial court found that Appellants had failed to comply with discovery matters. The trial court also found that Appellees' allegations had been admitted, struck Appellants' general denial, and set a date for a hearing on damages. Both the October 3, 2016 order and the

2

October 4, 2016 judgment were filed with the trial court clerk on September 29, 2016.

At the subsequent hearing on damages, Appellees, in accordance with permission from the trial court, presented the trial court with an affidavit by Appellee Frank Grabs. In his affidavit, Grabs averred that the value of the business and the real property that Appellants failed to convey was $24,000 and that the value of missing business and personal property was $28,000. Appellees also submitted an affidavit as to attorney's fees. Neither Appellants nor their attorney appeared at this hearing.

After the hearing on damages, the trial court entered its final judgment. The trial court awarded Appellees $52,000 in damages and $10,000 in attorney's fees. It also awarded an additional $10,000 in attorney's fees in the event of an appeal to the Court of Appeals and another $10,000 in attorney's fees if the case is appealed to the Texas Supreme Court; the award of appellate attorney's fees was not conditioned upon the outcome of the appeal. The trial court signed the judgment on November 15, 2016.

Six months after the trial court entered its final judgment, Appellants filed a "Notice of Appearance of Counsel" in which Appellants named a new attorney as their attorney of record. Appellants also filed a "Notice of Restricted Appeal." It is that restricted appeal that is before us now.

In two issues on appeal, Appellants assert that (1) the trial court clearly erred when it granted death penalty sanctions and imposed $2,500 "discovery sanctions" against Appellants and (2) there is error on the face of the record because there is legally insufficient evidence to support the trial court's award of damages.

As we have said, this is a restricted appeal. A restricted appeal is a direct attack on the trial court's judgment and is a procedural device afforded to parties under Rule 30 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 30; *Gen.*

3

*Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991); *Guadalupe v. Guadalupe*, No. 11-14-00061-CV, 2016 WL 1072651, at *1 (Tex. App.—Eastland March 17, 2016, no pet.) (mem. op.). The current restricted-appeal procedure replaces the former writ-of-error procedure. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 849 (Tex. 2004).

To prevail in a restricted appeal, the appealing party must establish the following: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Id.* (citing TEX. R. APP. P. 26.1(c), 30; *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999)). These requirements are jurisdictional. *Clopton v. PAK*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied).

The first two elements are obviously satisfied. First, it is undisputed that Appellants filed their notice of restricted appeal six months after the final judgment was signed. As to the second element, it is also undisputed that Appellants were parties to the underlying suit.

It is to the third element that Appellees direct their argument that Appellants are not entitled to a restricted appeal. Appellees claim that, because Appellants filed an answer and participated in the discovery process when they requested discovery extensions, they cannot establish the third element. We disagree. Rule 30 of the Texas Rules of Appellate Procedure contains the following provision:

> A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the

4

time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

TEX. R. APP. P. 30. The requirement as to nonparticipation should be liberally construed in favor of a right to appeal. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985). The nature and extent of participation precluding a restricted appeal in any particular case is a matter of degree because trial courts decide cases in a myriad of procedural settings. *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996). The issue is whether the appellant participated in the decision-making event that resulted in the judgment adjudicating the appellant's rights. *Id.*

We believe that it is clear that Appellants did not participate in the decision-making event that resulted in the default judgment against them. Neither Appellants nor their trial counsel appeared and participated in any of the hearings held by the trial court—much less the decision-making one that resulted in the entry of the default judgment. The filing of an answer does not alter that fact. *Rivero v. Blue Keel Funding, L.L.C.*, 127 S.W.3d 421 (Tex. App.—Dallas 2004, no. pet.). Furthermore, the participation in the discovery process does not rise to the level of participation required to prevent a restricted appeal. *See Woodland v. Wisdom*, 975 S.W.2d 712, 715–16 (Tex. App.—Texarkana 1998, no pet.) (even participation in pretrial discovery proceedings does not constitute participation in the decision-making event).

As far as posttrial participation is concerned, as reflected in the record, the first postjudgment actions taken by Appellants occurred when they filed a notice of appearance of counsel and a notice of restricted appeal. The record contains no earlier notice of appeal, request for findings of fact and conclusions of law, or postjudgment motions.

5

We hold that, under the facts of this case, Appellants did not participate in the decision-making event that resulted in the default judgment against them. They have established the third element necessary for them to maintain this restricted appeal.

In their two issues on appeal, Appellants essentially address the fourth restricted appeal element: whether error is apparent on the face of the record. The error must be one that is apparent, not one that must be inferred. *See Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004). We cannot consider extrinsic evidence; our review is limited to the face of the record. *Alexander*, 134 S.W.3d at 848. "The face of the record, for purposes of a restricted appeal, consists of all the papers that were before the trial court when it rendered its judgment." *Cox v. Cox*, 298 S.W.3d 726, 730 (Tex. App.—Austin 2009, no pet.) (citing *Alexander*, 134 S.W.3d at 848–49). "Although an appellate court is limited to considering the face of the record in a restricted appeal, its scope of review is the same as in an ordinary appeal, i.e., it reviews the entire case." *Davenport v. Scheble*, 201 S.W.3d 188, 193 (Tex. App.—Dallas 2006, pet. denied).

We begin our analysis with the observation that the trial court entered two separate sanctions orders in this case. In the first sanctions order, the trial court ordered Appellants to answer discovery within thirty days of the order, and it also granted Appellees $2,500 for attorney's fees for prosecution of the motion. In the second sanctions order, the trial court struck Appellants' answer, thus paving the way for the entry of a default judgment.

"An appellate court reviews a trial court's ruling on a motion for discovery sanctions for an abuse of discretion." *Id.* (citing *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004); *Tidrow v. Roth*, 189 S.W.3d 408, 412 (Tex. App.—Dallas 2006, no pet.)). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). An appellate court reviews

the entire record, including the evidence, arguments of counsel, written discovery on file, and the circumstances surrounding the party's discovery abuse. *Tidrow*, 189 S.W.3d at 839.

A trial court has discretion to impose sanctions for discovery abuses under Rule 215 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 215. If a party fails to comply with an order compelling discovery or abuses the discovery process, a trial court can strike the party's pleadings or render a judgment by default after notice and hearing. TEX. R. CIV. P. 215.2(b)(5), 215.3. Any sanction by which a trial court adjudicates a party's claim without regard to the merits and that is based on the party's conduct during discovery constitutes a "death-penalty" sanction. *State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 647 (Tex. 2001).

Discovery sanctions serve three purposes: (1) to secure compliance with discovery rules; (2) to deter other litigants from similar misconduct; and (3) to punish parties for violating the discovery rules. *Response Time, Inc. v. Sterling Commerce (N. Am.), Inc.*, 95 S.W.3d 656, 659 (Tex. App.—Dallas 2002, no pet.). When a court determines whether sanctions imposed are just, a court considers (1) whether there is a direct relationship between the offensive conduct and the sanctions imposed and (2) whether the sanctions are excessive. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991).

The Texas Rules of Civil Procedure provide that a party, his attorney, or both may be subject to sanctions. TEX. R. CIV. P. 13, 215.1(d), 215.2(b)(8). The Texas Supreme Court wrote in *TransAmerican*:

> The trial court must at least attempt to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both. This we recognize will not be an easy matter in many instances. On the one hand, a lawyer cannot shield his client from sanctions; a party must bear some responsibility for its counsel's discovery abuses when it is or should be aware of counsel's conduct and the violation of discovery rules. On the other hand, a party should not be punished for counsel's

7

conduct in which it is not implicated apart from having entrusted to counsel its legal representation. The point is, the sanctions the trial court imposes must relate directly to the abuse found.

811 S.W.2d at 917.

Appellants argue that there is no evidence of their own wrongdoing as to either sanctions order; the only evidence is of their trial counsel's misconduct. As such, they contend that there is not a direct relationship between the offensive conduct and the sanctions imposed since they, not their attorney, are the ones who are penalized by the imposition of sanctions in the way of the initial award of attorney's fees and the later entry of the default judgment. The face of the record before us indicates that Appellants' attorney was served with discovery requests. In Appellees' first motion for sanctions, they state that Appellees' trial counsel discussed the discovery requests with Appellants' attorney and Appellants' attorney refused to tender the requested documents. Although the record reflects that neither Appellants nor their attorney appeared at the hearing, in its first order on Appellees' motion for sanctions, the trial court found that Appellants' attorney was served with notice to appear. The same is true with respect to the second sanctions order. The record does not specify how or whether Appellants were served with notice for the hearing on Appellees' motion for default judgment—only that neither Appellants nor their attorney appeared. As such, the record fails to distinguish any misconduct solely, or even partially, attributable to Appellants. The face of the record does not implicate Appellants in taking any action "apart from having entrusted to counsel its legal representation." *See id.*

In the trial court's first order on Appellees' motion for sanctions, it awarded Appellees $2,500 in attorney's fees for services related to preparing the motion to compel. We conclude that the face of the record does not support a direct relationship between the offensive conduct and the award of the attorney's fees

8

against Appellants. Therefore, we hold that the trial court abused its discretion when, in its first order on sanctions, it ordered Appellants to pay $2,500 in attorney's fees. For the same reasons, we hold that the trial court erred when it entered death penalty sanctions, struck Appellants' answer, and entered a default judgment against them. Appellants have established the fourth element necessary to prevail in a restricted appeal. We sustain Appellants' first issue.

Appellants assert in their second issue that there is legally insufficient evidence to support the trial court's damages award set forth in the final judgment. However, because we hold that Appellants have established all four elements necessary to prevail in a restricted appeal, we do not need to address Appellants' second issue on appeal. *See* TEX. R. APP. P. 47.1.

We set aside the trial court's order in which it awarded Appellees attorney's fees in the amount of $2,500 and the order in which it struck Appellants' answer, and we reverse the final judgment entered by the trial court. We remand the cause to the trial court for further proceedings consistent with this opinion.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE


March 29, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.